No. 82-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IN RE THE MARRIAGE OF

JEFFREY O. HUGHES,

      Petitioner and Respondent,

  -vs-

PAMELA ANN HUGHES,

      Respondent and Appellant.

Appeal from:  District Court of the Thirteenth Judicial District,
In and for the County of Stillwater,
The Honorable William J. Speare, Judge presiding.

Counsel of Record:

    For Appellant:

        W. Corbin Howard, Billings, Montana

    For Respondent:

        James J. Sinclair, Billings, Montana

Submitted on Briefs:  April 29, 1983

Decided:  July 13, 1983

Filed:  JUL 13 1983

*Ethel M. Harrison*
—————————————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Pamela Ann Hughes (wife) appeals from an order reducing the amount of child support to be paid to her by Jeffrey O. Hughes (husband) entered in the District Court of the Thirteenth Judicial District, Stillwater County.

The parties were divorced on December 9, 1980. Pursuant to a Child Custody, Support and Property Settlement Agreement, wife received custody of the two minor children and husband agreed to make support payments of $350 per month for each child.

On May 24, 1982, husband petitioned the District Court to modify the original decree to reduce his child support obligation to $200 per month for each child. Husband stated that the reduction was necessary because he was presently unemployed and had no income.

Shortly thereafter, wife served husband with interrogatories. Husband refused to answer any interrogatories which essentially asked him to reveal the amount of money he had put into his new wife's bank accounts and had taken out of those same accounts for the years 1980, 1981 and 1982. Husband also refused to answer several interrogatories which dealt with the identity of his customers and the amount of income he received from them, stating that this information was confidential. Wife subsequently filed a motion to compel discovery. The District Court denied the motion, stating that husband's new wife's income could not be considered. The District Court would allow wife to examine husband's income producing assets, however, since husband's income was completely discoverable.

At the time of the parties' divorce, husband was self-

employed as a management consultant. His income before taxes for 1980, the year of the divorce, was $47,686. In 1981, husband's before-tax income was $44,052.

On November 1, 1981, husband began working as a general manager for Christian, Spring, Sielbach and Associates. Husband was given an $8,000 cash advance and was also paid a monthly salary of $3,082 for November, December, and January, when he was also allowed to conclude his business activities with other clients. From February to May, 1982, husband's monthly salary was increased to $4,333. In May of 1982, husband's employment with Christian, Spring, Sielbach and Associates was terminated. At this time, husband indicated that it would take from three to six months to rebuild his private consulting business. Husband's income decreased in June 1982 to $2,450. His income for July and August 1982 amounted to $1,475 and $1,900 respectively.

The hearing on husband's petition was held on August 30, 1982. At that time wife testified that her average annual income was between $8,000 and $10,000 and that her monthly expenses amounted to $1,200. She also testified that she needed the $350 per month per child support payment to provide for the parties' children.

On October 6, 1982, the District Court issued an order reducing husband's child support payments to $200 per month per child. From this order, wife appeals and presents the following issues for our review:

1. Did the District Court err in denying wife's motion for an order compelling discovery?

2. Did the District Court err in modifying husband's child support obligation?

-3-

Wife first contends that husband should have been compelled to answer the following and other related interrogatories:

"INTERROGATORY NO. 25: State the location and account number of each and every checking account and savings account maintained by you or any other person, including your current wife, in which income earned by you or as a result of your activities has been placed for the calendar years 1980, 1981, and 1982."

"INTERROGATORY NO. 9: If you were employed during the years 1980 and 1981, state: (a) the name and address of persons for whom you performed work in exchange for compensation; (b) the date you commenced performing work; (c) job title or position; (d) description of duties; (e) name and address of immediate supervisor."

Husband based his refusal to answer Interrogatory Nos. 25 through 29 on Duffey v. Duffey (1981), ____ Mont. ____, 631 P.2d 697, 38 St.Rep. 1105, wherein this Court held that a husband's obligation to support his children may not be increased simply because he has remarried and his new wife is bringing additional income into his household. Husband also refused to answer Interrogatory Nos. 9 and 10 because of the confidential nature of the work he performs.

Wife asserts that the information she asked for in the interrogatories is neither irrelevant nor privileged, and therefore the District Court should have compelled discovery. We agree. Rule 26(b)(1), M.R.Civ.P., states:

"Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense . . . of any other party . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." (Emphasis added.)

The information wife sought in Interrogatory Nos. 25 through 29 was certainly relevant to the subject matter of the pending action. In his petition for modification of child support, husband claimed that he did not have the ability to pay the current level of child support because he was unemployed and had no income. To defend against this claim, wife necessarily had to determine whether husband had the income and assets available to pay the current level of child support. Therefore, any income deposited by husband into his current wife's bank accounts was discoverable. Wife was attempting to discover the income of husband, not that of husband's current wife, and thus husband's reliance on Duffey is unfounded.

Husband also refused to answer interrogatories relating to his employment for the years 1980 and 1981, asserting that the work he performed was confidential and "requires a reputation for not divulging the name of the client or the services performed." The legislature has recognized the importance of protecting the confidentiality of certain relations. See section 26-1-801 et seq., MCA. The relationship between a management consultant and his clients, however, is not considered privileged either by statute or by the Montana Constitution. See Rule 501, Mont.R.Evid. Therefore, husband cannot avoid answering the interrogatories by claiming privilege.

Wife also asserts that the District Court erred in reducing husband's child support obligation. When determining whether the child support obligation in this case should be modified, the District Court is governed by section 40-4-208(2)(b)(i), MCA, which states: "Whenever the

decree proposed for modification contains provisions relating to . . . support, modification . . . may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." This Court will reverse the District Court on this issue only if the District Court's findings are clearly erroneous in light of the evidence in the record. Rule 52(a), M.R.Civ.P.; Reynolds v. Reynolds (1983), ____ Mont. ____, 660 P.2d 90, 40 St.Rep. 321.

In this case, the District Court's findings are clearly erroneous since no evidence was presented to prove that husband's change in circumstances was continuing. Indeed, the District Court recognized this at the hearing for modification of support when it stated: "The one thing that troubles me with it is I do think the law says you've got to show a continuing -- The testimony isn't quite what I thought I would hear -- substantial and continuing change in circumstances. Now, I think that's the problem."

The evidence shows that immediately upon being terminated from his employment, husband filed a petition to modify his support payments because he was presently unemployed and had no income. However, in June, the month after he was terminated, his income amounted to $2,450. Although husband's income was reduced to $1,475 in July, it increased in August to $1,900. Husband also stated prior to his termination that it would take from three to six months to rebuild his consulting business. This evidence merely demonstrates that husband suffered a reduction in his income for a relatively short period of time. The reduction in husband's income, however, was not proven to be "continuing

as to make the terms [of the original agreement] unconscionable."

We therefore reverse the order of the District Court and remand the cause with instructions to compel husband to answer the interrogatories submitted by wife and to thereafter hold an evidentiary hearing to determine if husband's circumstances have changed since the commencement of this appeal.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

-7-