No. 84-254

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
KENNETH RAY CARLSON,

Petitioner and Respondent,

and

VICKIE LYNN CARLSON,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Steven J. Shapiro, Helena, Montana

For Respondent:

Wright, Tolliver & Guthals, Billings, Montana

---

Submitted on Briefs: Oct. 11, 1984

Decided: December 27, 1984

Filed: DEC 2 1984

*Ethel M. Harrison*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Vickie Carlson Shapiro appeals from a post-judgment order of the Thirteenth Judicial District, Yellowstone County, reducing the child support monies to be paid by Kenneth Ray Carlson. The order of the District Court is reversed and remanded.

Kenneth and Vickie Carlson married in 1970 and divorced on July 5, 1979. They have three children, two eleven-year-olds and a eight-year-old, who live with their mother. The District Court incorporated in the marital dissolution decree a contractual agreement between the parties that the father would pay to the mother $150 per month for each child for their support. The mother received no maintenance under the agreement.

The father is a high school graduate with vocational training in bookkeeping and extensive work experience in retail store management. The mother has no job-market skills. She currently works at home providing temporary child care.

Both parties remarried after the dissolution. At the time of the hearing the father was unemployed, but at the time of the divorce he earned $36,000 per year as a store manager. His annual earnings later increased to $47,000. He voluntarily transferred to California then quit his job as a store manager due to job stress. He has had several jobs since returning to Montana, but because of health and financial reasons he has been unable to obtain regular employment. The District Court found that it is unlikely he will earn a salary comparable to what he earned at the time of the

decree. The mother is currently earning approximately $400 per month from her child care work.

On October 25, 1983, the father petitioned the District Court to reduce his child support payments. Before petitioning, the father permitted his children's medical insurance to expire and did not pay child support for them during July, August, and September of 1983. After September he did not pay his full obligation monthly and made late payments.

Both parties submitted affidavits of their necessary monthly expenses to the District Court. The husband's affidavit shows:

| | | |
|---|---|---|
| House Payment | $ | 500.00 |
| Heat | | 65.00 |
| Light | | 35.00 |
| Phone | | 40.00+ |
| Paper | | 7.50 |
| Car Insurance | | 25.00 |
| Car Payment/'83 Buick | | 289.00 |
| Gas | | 104.00 |
| Groceries | | 450.00 |
| Medical | | 25.00 |
| Dental | | 15.00 |
| Note - Bank | | 35.00 |
| Visa | | 96.00 |
| MasterCard | | 70.00 |
| Montgomery Wards | | 32.00 |
| Child Support | | 225.00 |
| Clothing | | 25.00 |
| Total | | $2,036.00 |

The foregoing are the expenses of the father, his present wife, and her two children. His wife receives child support but the District Court refused to allow testimony as to its amount.

The mother's affidavit shows:

| | | |
|---|---|---|
| House Payment | $ | 470.00 |
| Utilities | | 100.00 |
| Gasoline and car maintenance | | 48.00 |
| Life insurance | | 50.00 |
| Car insurance | | 28.00 |
| House insurance | | 40.00 |
| Groceries | | 280.00 |

| Clothing | 40.00 |
|---|---|
| Telephone | 16.00 |
| Newspaper | 10.00 |
| Household maintenance | 24.00 |
| Entertainment | 16.00 |
| Medical, dental, optical | 32.00 |
| Total | $1,154.00 |

The mother's figures are for herself and the three children. She excluded her present husband's expenses from her affidavit.

The District Court stated its findings that the cost for providing the children's needs have increased, not diminished, since the decree of dissolution. Nevertheless the District Court reduced the child support payment that was to be made by the father to the sum of $75 per month per child, or a total of $225 per month.

The wife raises five issues on appeal:

(1) The father was not entitled to equitable relief because he came to the court with "unclean hands" in that he had not made all of his child support payments.

(2) It was error for the District Court to conclude that the husband's circumstances had substantially changed, and that the sum of $450.00 per month for child support was unconscionable.

(3) The father's contractual obligations for child support precluded modification by the District Court.

(4) The District Court abused its discretion in reducing the father's child support obligation.

(5) The District Court erred in failing to award the attorney fees and costs.

In determining whether child support should be modified the District Court is governed by section 40-4-208(2)(b), MCA, which states:

- 4 -

"(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made:

"(i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or

"(ii) upon written consent of the parties."

The standard for this Court in reviewing the District Court's determination is to give deference to the lower court's discretion. "This Court will reverse the District Court on this issue only if the District Court's findings are clearly erroneous in light of the evidence in the record." Hughes v. Hughes (Mont. 1983), 666 P.2d 739, 741, 40 St.Rep. 1102, 1105. A presumption exists in favor of the District Court judgment. To bring about a reversal of the District Court the appellant must demonstrate that there was a clear abuse of discretion or an error in the District Court's findings. Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 93, 40 St.Rep. 321, 324.

ISSUE NO. 1   Did the father's "unclean hands" preclude the District Court from reducing the child support to be paid by him?

This Court has held that when child support comes due under a decree it becomes a judgment debt similiar to any other judgment for money and cannot be retroactively modified. Williams v. Budke (1980), 186 Mont. 71, 77, 606 P.2d 515, 518. We recognize that one seeking equity must do equity and that the nonpayment of child support is inequitable, and in some cases reprehensible. However, holding that a petitioner cannot seek modification until all past due child support is paid would be an unworkable solution, deny access to the courts, and ignore a long series of

- 5 -

cases that have allowed modification of future support pay-
ments. Williams v. Budke, supra; Knowlton v. Knowlton (Mont.
1981), 632 P.2d 336, 38 St.Rep. 1304. The law, as stated in
section 40-4-208(1), continues to be that an motion for modi-
fication may only alter support payments accruing subsequent
to the order for modification.

ISSUE NO. 2  Had the father's circumstances changed so
substantially and continuingly as to make the payment of $450
per month for child support unconscionable?

The record substantiates that the father is currently
unemployed but there is no evidence supporting a conclusion that
this substantial change in the father's circumstances is
continuing.  In Hughes v. Hughes (Mont. 1983), 666 P.2d 739,
741, 40 St.Rep. 1102, 1105, the District Court findings were
held to be clearly erroneous because no evidence was
presented to prove that the husband's change in circumstances
was continuous.  The District Court correctly identified the
question involved: "Can he go to work?"  The father's evi-
dence failed to show that his unemployment was permanent or
that earning capacity had been substantially reduced.

The amount to which the child support payments was
reduced is an amount less than welfare would allow the mother
to receive under Aid to Dependent Children.  The effect of
the District Court's decision is to transfer to the wife, who
has a far lesser earning capacity, more than half of the cost
of supporting the children.

It appears to us that the effect of an inadequate child
support award is that the adverse economic impact of divorce
is absorbed by the custodial parent and the children.  In
fact the children become the unwitting victims of inadequate
child support.  The difficult task facing District Courts in

- 6 -

properly awarding child support payments to the custodial parent is a matter of concern for all.

We offer, as a guideline for consideration in determining child support, the formula set out in an article "How to Calculate Child Support" by Maurice Franks, appearing in Case and Comment, January-February, 1981. The theory of the formula is that the financial needs of the child should be paid by both parents in proportion to their earning capacity. "N" equals the total needs of the child and should include adequate daycare costs if needed. "N" will vary according to the parents but should never be lower then AFDC payments. "C" equals the earning capacity of the custodial parent. "V" equals the earning capacity of the visitation parent. The total needs of the child, N, is met by both parents in proportion to their ability to contribute. Expressed algebraically:

$$N = N_c + N_v.$$

$$N_v = \frac{N \times V}{V + C} \qquad \text{and} \qquad N_c = \frac{N \times C}{V + C}$$

As an example, if a child has monthly needs for food, clothing, shelter, recreation, and daycare amounting to $400, then N = $400. If the visitation parent earns $30,000 and the custodial parent earns $10,000, the child support award is:

$$\frac{400 \times 30,000}{30,000 + 10,000} = \$300 \qquad \frac{400 \times 10,000}{30,000 + 10,000} = \$100$$

The visitational parent will contribute $300; the custodial parent will contribute $100 in kind.

Of course, C and V must realistically reflect what the parents are capable of earning using their actual earnings as a guideline. Use of the formula rejects romantic notions

of women being supported by their ex-husbands, or fathers refusing employment they do not like. Married parents have no such luxury, and it should not be a luxury afforded divorced parents.

In the present case, the District Court found that the children's needs have increased, but ignored the testimony regarding the mother's earning capacity and the fact that if she works the children need day care. The court apparently assumed that the father's unemployment is permanent. By reducing the child support to $75 per month per child, the District Court shifted the greater financial burden of supporting the children to the mother. In reality, the effect of the District Court decree is to shift some of the burden of supporting the children to the mother's current husband.

The father came into District Court asking that the child support be equitably adjusted. As this Court said in Barbour v. Barbour (1958), 134 Mont. 317, 326, 330 P.2d 1093, 1098. "However, the law, the children must eat. He who seeks equity must do equity."

ISSUE NO. 3 Did the contractual obligation for child support preclude modification by the District Court?

In all divorce matters relating to children, the best interests of the children control. While terms of a contract may be introduced as evidence in some instances, the custody and support of children are never left to contract between the parties.

The mother relies on Winters v. Winters (Mont. 1980), 610 P.2d 1165, 37 St.Rep. 840, for support of the proposition that some areas of divorce can be governed by contractual agreement between the parties. This remains true, but as we stated in Winters at page 1168:

"What we hold here has no bearing on the power of the court to modify agreements of the parties regarding child support in later applications (citation omitted). The question before the court [in _Winters_] did not involve the welfare of the children, in which event the court could modify any agreement of the parties to achieve their protection (citations omitted)."

ISSUE NO. 4  Did the District Court abuse its discretion in reducing the child support obligation?

The mother argues that the equities of this case are such that the judge abused his discretion in reducing the father's child support payments. We are remanding this cause for error in the finding that the father's current changed circumstances are permanent. We also determine that the District Court abused its discretion in reducing the amount of child support which the District Court ordered to be paid by the father on the ground that it was improperly measured.

The affidavit of the mother shows expenses of $1,154 per month for herself and the children. The District Court's findings are that the children's expenses are greater than $450 a month. It is not the duty of ~~the new husband of~~ the mother's new husband to provide support. As we said in Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 94, 40 St.Rep. 321, 325, a new spouse's income can be considered in determining a parent's ability to pay child support, but it cannot be determinative nor does it relieve the other parent of the obligation to support his or her children.

There was testimony in this case that the father's new wife received child support from her former husband. We agree with the District Court that the new wife had no obligation to support these children, but the information should have been admitted for a different purpose. The father has claimed expenses of $2,036 for himself, his new wife, and her

- 9 -

children. He is not, however, responsible for supporting those children. By not deducting what the new wife received in child support from the father's claimed expenses, the father's affidavit overstated his expenses per month.

As stated above, on review this Court gives deference to the District Court in child support matters. Appellant must demonstrate there is clear abuse of discretion or erroneous findings to reverse the District Court. Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 93, 40 St.Rep. 321, 324. We are remanding this cause for error in finding that the child support payments should be reduced to the figures here without supporting ~~cases~~ without of the father's present earning capacity.

ISSUE NO. 5 Should the wife have been awarded attorney fees?

The award of attorney fees under section 40-4-110, MCA, is not mandatory upon the District Court. Since the cause is being remanded for other reasons, we leave open to the District Court whether in light of the further record in this case the wife would be entitled to attorney fees.

Reverse and remand for further proceedings.

John C. Sheehy
Justice

We Concur:

_____
Chief Justice

- 10 -

_____

_____

_____
      Justices

Mr. Chief Justice Frank I. Haswell, specially concurring:

I concur in the result but I do not believe that determination of the proper amount of child support can be reduced to an algebraic formula.

_____
                Chief Justice

- 11 -