No. 84-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE CUSTODY AND SUPPORT OF
H. Q. and T. Q.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Jardine, Stephenson, Blewett & Weaver; K. Dale
Schwanke, Great Falls, Montana

For Respondent:

Clary & Clary; Thomas Clary, Great Falls, Montana

_____

Submitted on briefs: Aug. 15, 1985

Decided: October 24, 1985

Filed: OCT 24 1985

_____
Clerk

Mr. Justice L.C. Gulbrandson delivered the Opinion of the Court.

The father, appellant, appeals from an order of the District Court of the Eighth Judicial District, Cascade County, denying his requests for modification of child custody and reduction of child support obligations. We affirm.

The father and mother (also referred to as respondent) joined in a property settlement and child custody agreement at the time their divorce decree was entered without an adversary hearing on May 27, 1982. The agreement provided the parties would have joint custody of H.Q. and T.Q., their minor children, with the mother to have residential custody. The children would be with their father one night each week, every other weekend, and two months each summer. The agreement contained provisions about the required notice prior to visits during the week, the mother's visitation during the summer, holiday visitations, and an alternate plan if either parent should leave Great Falls, Montana. The father agreed, and was ordered, to pay child support of $200 per month per child until December 1982, at which time the support would increase to $250 per month per child.

The father lost his job about November 1982 and decided to establish his own business. He contacted the mother to arrange a deferral of child support and she agreed to give him some time to make the payments. However, they never reached an agreement on the amount to be deferred or the period of time involved. In March 1983, the mother levied on the father's bank accounts for past due amounts. He

responded by requesting modification of his support obligation and visitation privileges.

The father continued to be delinquent in his support payments. In June 1983, the mother initiated contempt proceedings and requested attorney's fees and the father requested exclusive custody of the children.

Over the course of hearings in August, September and October 1983, both the parties and their witnesses testified about the parents' difficulties with each other. The father contended that the mother drank to excess, neglected the children, and persistently violated the spirit and intent of the custody provisions in their agreement. He testified that, in addition to a reduction of income, his ability to pay child support had substantially changed because he had three new dependents; a new wife, a son from an earlier marriage, and a new baby. The mother produced evidence that he had more than adequate earnings to pay child support in the first half of 1983 and testified that he was uncooperative, inconsiderate and not prompt on visitation schedules. Each parent testified, and had their own witnesses testify, about several specific instances of the other parent's wrongdoing and about his or her own good parenting skills.

In its order filed June 1, 1984, the District Court found that neither parent was unfit although each attempted to use the children to aggravate the other. The District Court also found that the custody arrangement agreed on by the parents remained adequate and in the best interests of the children and there was no showing that the children's

3

present environment endangered their physical, moral, mental or emotional health. The father was found to have sufficient income to pay all past child support and to continue paying the agreed amount. The court concluded that, under § 40-4-219, MCA, no modification of the custody decree was appropriate. The order stated that all back support payments should be made within thirty days. The order required specific behavior of each party and stated the consequences for any failure to follow the order.

The father raises two issues on appeal:

(1) Whether the District Court abused its discretion in failing to grant his motion to modify child custody?

(2) Whether the District Court abused its discretion by denying his motion to modify his child support obligation?

This Court will not reverse a determination of child custody absent an abuse of discretion by the district court. Gilmore v. Gilmore (1975), 166 Mont. 47, 530 P.2d 480. Section 40-4-219, MCA provides:

> (1) The court may in its discretion modify a prior custody decree if it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of entry of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interest of the child and if it further finds that:
>
> . . .
>
> (c) the child's present environment endangers seriously his physical, mental, moral, or emotional health and the harm likely to be caused by a change of environment is outweighed by its advantages to him; . . .

4

In order to prevent recurring litigation, § 40-1-219, MCA "places a heavy burden on the person seeking to modify a prior custody decree." Groves v. Groves (1977), 173 Mont. 291, 298, 567 P.2d 459, 463.

The District Court received evidence regarding conduct that occurred prior to the decree and on facts which arose after the initial decree. This included evidence on changes in the lives of both parents. The District Court listened to lengthy and conflicting testimony about the children's present environment. No abuse of discretion occurred when the District Court found no endangerment to the children in their present environment. Our review of the record shows substantial evidence to support the decision.

The father also challenges the District Court's refusal to lower his child support obligation. Section 40-4-208, MCA, allows modification of support for installments due after the request "upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . . " In Hughes v. Hughes (Mont. 1983), 666 P.2d 739, 741, 40 St.Rep. 1102, 1105, we reversed a district court's modification of child support and remanded for a determination of the continuing nature of the change in the father's circumstances. The father in Hughes requested a reduction of support payments on the grounds that his job had terminated, he was unemployed and consequently he had a reduction of income. He started his own business and anticipated that it would take three to six months to rebuild it. We stated that the reduction in income for this relatively short period of time was not so continuing as to

5

make the original agreement unconscionable. In the case at bar, the District Court found that despite the father's job loss he had sufficient current income to make the agreed payments. This is consistent with the statements in Hughes, that a temporary reduction of income is not a continuing change so as to make prior terms on support unconscionable. We hold that the District Court did not abuse its discretion by refusing to lower the father's child support obligation.

Affirmed.

Justice

We concur:

Justices