No. 85-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
KENNETH RAY CARLSON,

        Petitioner and Respondent,

and

VICKIE LYNN CARLSON,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Steven J. Shapiro, Helena, Montana

    For Respondent:

        Kenneth Ray Carlson, pro se, Placentia, California

---

Submitted on Brief: Nov. 21, 1985

Decided: February 13, 1986

Filed: FEB 13 1986

---

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Appeal by Vickie Lynn Carlson from an order entered by the District Court, Thirteenth Judicial District, Yellowstone County on June 24, 1985. For the reasons hereafter stated, the cause is remanded.

These parties were before us in an earlier case, Carlson v. Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419. Kenneth and Vickie had married in 1970 and divorced on July 5, 1979. They have three children, twins now 12 years old and another child now 9 years old.

In the original decree of marital dissolution, in 1979, the District Court had provided that Kenneth pay to the wife as custodian of the minor children, the sum of $150.00 for each child per month for their support and maintenance. The decree incorporated a contractual agreement to that effect.

On April 6, 1984, the District Court, on application of Kenneth, by order amending the marital dissolution decree, reduced the payments to be made by Kenneth to Vickie to the sum of $75.00 per month per child. That order was appealed to this Court, and was the subject of our opinion in Carlson v. Carlson, supra.

The effect of our opinion in the earlier case was to reverse the District Court's reduction of Kenneth's obligation for child support payments on the grounds that the District Court had no evidence before it to prove that the husband's change in earning circumstances were continuous, that his unemployment was permanent, or that his earning capacity had been substantially reduced. We remanded the cause for further evidence to be produced before the District

Court as to the father's present earning capacity. Carlson, 693 P.2d at 501, 41 St.Rep. at 2425. We also stated that as to the claimed attorney fees, such an award on behalf of Vickie was not mandatory upon the District Court but was open for further proceedings before the District Court.

After our remand to the District Court, counsel who until then had represented Kenneth obtained an order from the District Court permitting their withdrawal. Since April 11, 1985, Kenneth has not been represented by counsel in this cause.

The proceedings that followed in the District Court did not track exactly our order on remand. Instead counsel for Vickie (Vickie has remarried, and her present husband, an attorney, is also her counsel in all of these proceedings) filed three motions in the District Court:

(1) A motion to modify the decree of marital dissolution so as to permit Vickie to claim her support of the three minor children as tax exemptions and deductions for federal and state income tax purposes.

(2) A motion for leave to file proposed findings and judgment (none of which proposed findings and judgment are in the record).

(3) A motion for summary judgment in favor of Vickie and against Kenneth, which summary judgment would provide (a) that Kenneth's petition for modification of the child support payments was denied; (b) that Kenneth's obligation to pay $150 per month per child for the support of the three minor children shall continue until their respective ages of majority; (c) that Kenneth provide medical insurance coverage for the minor children; (d) that Vickie be given judgment against petitioner for past due child support in the

sum of $6,765.83 as of May 31, 1985; (e) that Vickie be given judgment for costs of $512.80; and (f) that Vickie be given judgment for attorney fees in the sum of $7,050.00.

Hearing on these motions was scheduled by the District Court for June 19, 1985 and notice of the hearing on the motions was served by mail upon Kenneth at his address in Placentia, California. Kenneth did not appear for the hearing, nor was he represented by counsel. We can only speculate as to what happened at the hearing for no transcript of those proceedings has been provided on this appeal.

Following the hearing the District Court issued two orders. The first, on June 24, 1985, is the order which is the subject of this appeal. In that order, the District Court vacated its modification of judgment earlier made on April 6, 1984, and reinstated the duty of Kenneth to pay child support in the sum of $150.00 per month per child. On June 26, 1985, the District Court entered a second order, in which it provided that Vickie should be granted the right to claim the tax exemptions for the minor children.

Vickie's counsel was apparently dissatisfied with the order of June 24, 1985. He did not however file a Rule 52(b), M.R.Civ.P. motion to amend or alter the judgment but instead wrote a letter to the court. He pointed out in the letter that "there still remain the issues of the arrearage of support, costs, attorneys fees, and the tax deduction for the children." The letter stated:

> After the discussion with you at the hearing, we
> are willing to forego our request for the tax
> deductions for the children for the 1983 and 84 tax
> years if you will modify and sign the order I
> submitted to allow the Respondent to claim these
> deductions for 1985 and thereafter. If you will
> also sign the Summary Judgment I submitted with

- 4 -

this change noted regarding the tax deductions, then I feel the matter will be closed.

The order of June 26, 1985 is apparently the response of the District Court to this letter.

On July 19, Vickie's counsel filed a notice of appeal to this Court from the order of June 24, 1985 on the grounds that "it fails to give her judgment for past due child support, attorney fees and costs."

On July 30, 1985, the District Court entered a judgment, docketed August 8, 1985, which made the following provisions:

(1) The original decree of dissolution was again "reinstated"; (2) Vickie was given judgment against Kenneth for past due child support in the sum of $6,765.83, including interest from May 31, 1985; (3) costs were awarded in the sum of $512.80; and (4) attorney fees were awarded in the sum of $3,000.00.

Notice of entry of judgment has been given to Kenneth as to the judgment of July 30, 1985. No such notice has been given to Kenneth of the order of June 24, 1985, or the order of June 26, 1985. Rule 77(d), M.R.Civ.P.

This case is a legal hodgepodge, and reminds us of the gentleman who was so cross-purposed that he could mess up a one car funeral. The legal effect of what has occurred is this:

(A) The judgment of July 30, 1985. This judgment is invalid. It was entered after Vickie's notice of appeal had been filed which had the effect of depriving the District Court of further jurisdiction. McCormick v. McCormick (1975), 168 Mont. 136, 541 P.2d 765.

(B) The order of June 26, 1985. This order has not been appealed by Vickie. It will become final as to Kenneth,

if notice of its entry is served upon him properly and he takes no appeal therefrom. Morrison v. Higbee (Mont. 1983), 668 P.2d 1029, 40 St.Rep. 1031.

(C) The order of June 24, 1985. Vickie has appealed from only a portion of the judgment here. As to Vickie therefore the judgment of the District Court reinstating the obligation of Kenneth to pay the sum of $150.00 per month per child has become final. It will become final upon Kenneth, if after he has been properly served with a notice of its entry, he does not appeal therefrom. Morrison v. Higbee, supra.

Vickie's notice of partial appeal from the order of June 24, 1985 relates to the failure of the order to include a judgment for past due child support, attorney fees, and costs. Curiously, these are the factors that were handled by the District Court in its judgment of July 30, 1985 which must be declared void because Vickie filed the notice of appeal.

We do not have a transcript of the hearing that occurred on June 19, 1985. There is in the appeal record an affidavit showing the amount of the arrearage. The other question of attorney fees is a matter within the discretion of the District Court. Carlson, 693 P.2d at 501, 41 St.Rep. at 2425.

On the record, Vickie is not entitled to costs, either for her first appeal or this appeal, because such costs were not claimed in a manner provided in § 25-10-503, MCA by a bill of costs prepared under § 25-10-501, MCA. It is too late now for costs on the first appeal to be properly claimed. Because of the state of the record, we further

determine that Vickie is not entitled to costs on this appeal.

Accordingly, this matter is remanded to the District Court with the following instructions:

(1) The order of June 24, 1985, reinstating child support to be paid by Kenneth in the sum of $150.00 per month per child is affirmed as to Vickie.

(2) The order of June 26, 1985, providing that the tax exemptions shall be claimed by Vickie, is affirmed as to Vickie.

(3) The District Court shall enter judgment in favor of Vickie and against Kenneth for arrearages in child support in the sum of $6,765.83 which includes interest to May 31, 1985, and further interest on the principal balance of $6,709.94 at 10% per annum until paid.

(4) Vickie is not entitled to recover costs on this appeal nor to costs on the first appeal because of failure to claim the same under § 25-10-503, MCA; Vickie may claim such other costs in future proceedings to which the District Court may find she is entitled.

(5) The District Court shall determine the amount of attorney fees, if any, to which Vickie may be entitled, but no attorney fees may be awarded for this appeal.

Reversed and remanded, with instructions.

_____
Justice

We Concur:

_____
Chief Justice

- 7 -

John Conway Harrison

Fred G. Huber

P. C. Gaulbrandsen,

Justices