No. 86-207

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
WILLIAM H. KEEL,

        Petitioner and Appellant,

   and

DONNA L. KEEL,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Dawson,
The Honorable R.C. McDonough, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Ronald S. Efta, Wibaux, Montana

    For Respondent:

        Kathleen M. Fritsch, Glendive, Montana

---

Submitted on Briefs: August 7, 1986

Decided: September 26, 1986

Filed: SEP 26 1986

*Ethel M. Harrison*

---
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court for the Seventh Judicial District in and for Dawson County, Montana, awarding maintenance and child support. Petitioner appeals. We remand.

The issues on appeal are whether the District Court abused its discretion in awarding maintenance to the wife and ordering support payments higher than petitioner reasonably can be expected to pay.

Petitioner, William Keel (husband), brought proceedings in the District Court seeking dissolution of his fourteen year marriage to respondent, Donna Keel (wife). His petition stated the wife was a fit and proper person to be awarded custody of the couple's three minor children and the only issues to be decided by the District Court were division of the property, the parties' debts, child support and visitation. Following a bench trial the District Court issued its findings, conclusions and decree. The husband appeals that part of the decree requiring him to pay the sum of $200 per month per child for their support, to pay all medical, optical, dental, and drug bills incurred on behalf of the children not covered by insurance, and to pay the wife $300 per month maintenance for a period of four years or until she remarries or cohabits with an adult male.

> The scope of this Court's review when considering the findings and conclusions of a trial court sitting without a jury is clear and well settled in Montana. This Court's function . . . is not to substitute its judgment in place of the trier of facts but rather it is "confined to determining whether there is substantial credible evidence to support" the findings of fact and conclusions of law. (Citations omitted.)

In Re the Marriage of Thompson (Mont. 1984), 676 P.2d 223, 226, 41 St.Rep. 237, 240-241.

There is very little conflict in the testimony and evidence presented regarding the husband's income and the parties' debts. Clearly the parties had no assets of any value to divide in excess of the amount of liabilities owed. The evidence shows the following assets:

| | |
|---|---|
| Mobile home | $12,500 |
| 1983 Ford ½ ton pickup | 10,000 |
| Satellite TV receiver | 1,500 |
| Television | 200 |
| Retirement | 7,400 |
| Tools | 2,500 |
| Miscellaneous household | 3,500 |
| Tax refund | 1,500 |
| TOTAL | $39,100 |

The debts and obligations owed by the parties jointly are as follows:

| | |
|---|---|
| Ford Motor Credit (pickup) | $6,257.00 |
| Koch Furniture | 1,442.76 |
| 1st Nat. Bank of Willmington (VISA card) | 5,098.95 |
| CITIBANK (Ready Credit Account) | 5,713.97 |
| Montgomery Ward | 1,025.00 |
| Chevron USA | 130.71 |
| Gate City Dairy | 135.88 |
| Dr. Thompson | 100.00 |
| Badlands Clinic | 98.00 |
| Robert Peterson (lot rent) | 150.00 |
| Eckroth Music | 413.50 |
| Mountain Bell | 136.50 |
| State Farm Ins. (pickup) | 229.24 |
| State Farm Ins. (mobile home) | 215.00 |
| 1st Fidelity Bank (Ready Reserve) | 800.00 |
| Dawson County (taxes) | 1,014.00 |
| Mobile Home | 7,900.21 |
| Debt to wife's mother | 925.00 |
| Debt to wife's sister | 500.00 |
| TOTAL | $32,285.72 |

The court divided the property and the marital debts as follows: To the husband:

Mobile home, possession to be delivered when respondent moves to the state of South Dakota.

Satellite TV receiver and system.

Magnavox TV set.

Tools and tool chest.

Tax refunds.

Husband's retirement and profit sharing funds.

Husband's personal effects.

To the wife:

1981 Ford pickup and topper.

All furniture and household goods and appliances, with the exception of the previously mentioned Magnavox TV.

Children's personal effects.

Wife's personal effects.

The marital debts were divided as follows: To the husband:

All indebtedness with the exception of those listed below as being the obligation of the wife:

To the wife:

Ford Motor Credit - balance due on pickup.

Debt to wife's mother.

Debt to wife's sister.

Before awarding maintenance, the District Court must consider two factors set out in § 40-4-203, MCA: Whether the spouse seeking maintenance lacks sufficient property to provide for her reasonable needs and whether the spouse seeking maintenance is able to support herself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

In this case there is no marital real property to be divided and that which was divided was to a large extent

4

agreed upon by the parties. Neither party received income producing property which is the measure of sufficiency necessary to provide for one's reasonable needs. Thompson, supra, 676 P.2d at 226, 41 St.Rep. at 241; In Re the Marriage of Laster (1982), 197 Mont. 470, 477, 643 P.2d 597, 601. Consequently, neither party has sufficient property to provide for his or her needs. Additionally, much of the property is encumbered by debt, but that received by the husband has the larger liens against it and will consume larger amounts of his income.

The second factor to consider is whether the wife is able to support herself through appropriate employment. (The remainder of the statutory section is not relevant in this case.) Although the wife has no work experience, there is no evidence she cannot obtain suitable employment. In fact, she requested permission from the court to move with the children to South Dakota to seek employment. The court properly concluded maintenance should be awarded to the wife, but, as will be shown, there is not sufficient credible evidence as to the amount.

We will consider the amount of child support to be paid together with the amount of maintenance. The husband's employment is related to oil drilling. At the time of the divorce he was receiving a gross monthly salary of $2,850, based on a sixty hour work week, which he cannot anticipate will continue. His net pay is between $1,500 and $1,600 per month. Subsection (2) of § 40-4-203, MCA, sets forth the factors to be considered by the court when determining amount of maintenance and period of time it is to be paid:

> [It] shall be in such amounts and for
> such periods of time as the court deems
> just, . . . considering . . .

5

(a) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, . . .

. . .

(e) the age and physical and emotional condition of the spouse seeking maintenance; and

(f) the ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

The husband's financial obligations very nearly exceed his financial resources. During the three months the couple was separated before the dissolution he was able to reduce his living expenses by living with friends. During this time he also reduced the couple's debts by approximately $5,000. He is responsible for all the balance of the couple's debts except the balance due on the pickup and the debts to the wife's mother and sister. The minimum payments due on the large outstanding obligations are almost $500 per month. Much of each payment is interest due, resulting in only a small reduction in principal. We do not find sufficient evidence in the record showing the husband has "the ability . . . to meet his needs while meeting those of [the wife]" pursuant to § 40-4-203(2)(f), MCA. "What is important as far as the maintenance award is concerned is the amount of income available to the spouse to make the maintenance payments at the time required to be made." In Re the Marriage of Jorgenson (1979), 180 Mont. 294, 303, 590 P.2d 606, 611-612. Nor is there evidence the wife's age, physical or emotional condition prevents her from seeking employment necessary to meet her needs independently.

6

Child support is awarded after considering the factors set forth in § 40-4-204(1), MCA, and the factors set forth in In Re Marriage of Carlson, (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419, including the needs of the children, the financial resources of the custodial parent and the financial resources and needs of the non-custodial parent. There is no evidence the District Court applied the Carlson formula in awarding child support. Numerous deductions from husband's gross pay, including medical and dental insurance premiums for his benefit and that of the children reduce his take-home pay to between $1,500 and $1,600 per month. He must pay all medical, dental, optical and drug bills incurred on behalf of the children and not covered by insurance. He must make monthly payments of approximately $500 on the largest of the couple's outstanding debts. Further, he is responsible for paying the major portion of the balance of the debts. He must pay $900 per month child support and maintenance. This does not leave him enough to meet his own personal needs.

We remand the case to the District Court to redetermine the amount of child support, the degree of responsibility for expenses not covered by insurance, and the amount and duration of maintenance, consistent with this opinion.

Justice

We concur:

Chief Justice

Justices

7