No. 86-448

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

IN RE THE MARRIAGE OF
TERESA JOHNSON,

Petitioner and Respondent,

and

LEO JOHNSON,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Twelfth Judicial District,
In and for the County of Hill,
The Honorable Chan Ettien, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Law Offices of Frank Altman; Dan Boucher, Havre,
Montana

For Respondent:

Kathleen Richardson, Havre, Montana

---

Submitted on Briefs: Dec. 31, 1986

Decided: February 24, 1987

Filed: **FEB 24 1987**

_Ethel M. Harrison_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Leo Johnson appeals from an order of the District Court of the Twelfth Judicial District in and for Hill County, Montana, ordering him to pay certain obligations in addition to child support, and from division of the parties' property. We affirm in part and reverse in part and remand.

Leo and Teresa Johnson were married for approximately ten years when they separated. At the time of the separation both parties were in their mid-thirties. Both are healthy. They are the parents of two girls, ages seven and ten. The husband is employed in the construction business. The wife is a high school graduate with two years of college and further training as a legal secretary, although she never has worked as a legal secretary. She has experience as a keypunch operator and bookkeeper, and recently has done babysitting in the couple's home.

The home, purchased during the marriage, is the parties' major asset. Improvements have been made by the husband and the parties landscaped the property. The estimated value of the home is between $67,000 and $70,000 with a remaining debt of $40,000. The parties owe nearly $10,000 in miscellaneous debts.

Following a bench trial, the parties were awarded joint legal custody of the two minor children, with the wife retaining physical custody. The wife and children will continue to live in the family home until the younger child reaches age eighteen, at which time the home is to be sold, with the equity to be divided equally between the parties. The husband was ordered to pay the monthly mortgage payments

on the home. He also was ordered to pay child support and to maintain health insurance benefits for his minor children, to pay all outstanding debts of both parties, and the wife's attorney's fees.

The parties personal property was valued at approximately $12,000. The husband retained only the property in his possession at the time of the divorce, including a car. The property he retained has a value of approximately $2,000. He appeals.

In essence the husband argues the District Court abused its discretion in making the awards. In reviewing the District Court's determination this Court generally gives deference to the lower court's discretion. "This Court will reverse the District Court . . . only if the District Court's findings are clearly erroneous in light of the evidence in the record." Hughes v. Hughes (Mont. 1983), 666 P.2d 739, 741, 40 St.Rep. 1102, 1105. A presumption exists in favor of the District Court judgment. To bring about a reversal of the District Court the appellant must demonstrate that there was a clear abuse of discretion or an error in the District Court's findings. In Re the Marriage of Carlson (Mont. 1984), 693 P.2d 496, 499, 41 St.Rep. 2419, 2422. The standard of review in determining whether the District Court abused its discretion is whether it acted arbitrarily without conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. In Re the Marriage of Laster (1982), 197 Mont. 470, 476, 643 P.2d 597, 601.

Certain of the court's findings and conclusions clearly are erroneous and an abuse of discretion. The record shows that in determining the amount of child support payments the husband owed, the children's monthly expenses were calculated

by including two-thirds of the total monthly mortgage payments due. In addition the husband was ordered to make the mortgage payments on the family home. Thus the husband pays part of the mortgage twice. This arrangement results in a windfall to the wife at the time the home is sold. Such a windfall cannot be sustained. Tefft v. Tefft (Mont. 1981), 628 P.2d 1094, 1098, 38 St.Rep. 837, 842. Moreover, such an arrangement does not reserve to the husband financial resources sufficient to meet his needs, pursuant to § 40-4-204(e), MCA.

The parties stipulated the husband's gross income is $1,635 per month. The court found the wife's income is $417 per month. Applying the Carlson formula, supra, at 500, 41 St.Rep. at 2423, the District Court ordered the husband to pay $600 per month child support. He also was ordered to maintain health insurance for the benefit of the minor children, for which he presently pays $50 per month, and mortgage payments of $465 per month. The husband testified he made monthly payments of $111 per month to First Bank on a $2,500 home improvement loan. The parties have at least $7,000 additional debt which the husband must pay. The record does not show the amount paid on this debt. The husband has $100 a month support obligation for a child of a previous marriage.

We do not find application of the Carlson formula per se to be in error. We find, however, it was error for the District Court to include a pro rata share of the mortgage payments when determining each child's needs for purposes of application of the Carlson formula, and in addition to order the husband to make mortgage payments. This arrangement is not sustainable according to Tefft, supra. Further, the

husband is then without money necessary to meet his needs. He has no other financial resources, the assets he received are non income producing, and he must replace the household furnishings which were awarded to the wife. He has the prior child support obligation. These circumstances require a remand to the District Court for further findings because they are clearly erroneous and result in substantial injustice to the husband. His financial obligations very nearly exceed his financial resources. In Re the Marriage of Keel (Mont. 1986), 726 P.2d 812, 814, 43 St.Rep. 1742, 1746.

The husband also contends the court abused its discretion in apportioning the marital estate. Our function when considering the findings and conclusions of the trial court is not to substitute our judgment for that of the trier of fact, but to determine whether there is substantial credible evidence to support the findings of fact and conclusions of law. In Re the Marriage of Thompson (Mont. 1984), 676 P.2d 223, 226, 41 St.Rep. 237, 241. While reasonable minds might differ as to an equitable division of the marital assets, there is substantial credible evidence to support the District Court's division. The husband argues the court adopted wholesale the wife's estimates on the value of personal property. There is nothing in the record, however, that the husband offered his own estimates. Had the court arrived at a different valuation for the husband's vehicle, any change in the outcome would be insignificant. We find no abuse in the court's division of the marital assets.

We remand this case to the District Court for a redetermination of the amount of child support the husband

must pay, and a redetermination of responsibility for payment of the mortgage, consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices