No. 87-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

IN RE THE MARRIAGE OF
ROSEMARY HOUTCHENS,

        Petitioner and ~~Appellant~~, Respondent

and

ROCKY J. HOUTCHENS,

        Respondent and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Noel K. Larrivee; Larrivee Law Offices, Missoula,
Montana

    For Respondent:

        Martha McClain; Geizler, Taylor, Newcomer & McClain,
Missoula, Montana

Submitted on Briefs:  June 22, 1988

Decided:  August 18, 1988

Filed:  AUG 1 8 1988

Ethel M. Harrison

Clerk

Mr. Justice Fred J.Weber delivered the Opinion of the Court.

In this action for dissolution of the parties' marriage, the District Court for the Fourth Judicial District, Missoula County, awarded custody of the minor child to the mother and ordered the father to pay child support. The father appeals. We affirm.

The father raises two issues:

1. Did the District Court abuse its discretion in denying the father's request for joint custody of the child and awarding sole custody to the mother?

2. Did the District Court abuse its discretion in setting the amount of child support?

The parties were married in January 1981 and separated in 1983. Their one living child of the marriage has been in the mother's temporary custody since May 1984. Under the temporary custody order, the father had visitation for ten days each month. The child, a boy, is now of school age. The parties stipulated that he would enroll in school in Deer Lodge, where the mother lives, pending trial on the issue of permanent child custody.

At trial, the father argued for joint custody of the boy. The mother requested sole custody. She presented testimony that the father had physically abused her during the marriage. The court awarded custody to the mother, with visitation to the father on alternate weekends and holidays and for six weeks each summer. It ordered the father to pay child support in the amount of $235 per month, except during his summer visitation, when he was ordered to pay $145 per month.

I

Did the District Court abuse its discretion in denying the father's request for joint custody of the child and awarding sole custody to the mother?

The father argues that the most logical custodial plan would be to grant custody of the child to him during the winter months and to the mother during the summer months, because of their work schedules. He is a construction worker and she is a teacher. In the alternative, he proposes joint custody with primary physical custody in the mother until the boy is 9 years of age and primary physical custody in himself for the remainder of the boy's minority. The father also argues that the District Court abused its discretion in denying his request for joint custody because of the mother's claim that he battered her during their marriage. The father argues that until the 1987 legislature amended § 40-4-224, MCA, physical abuse of one spouse by the other was not a factor for consideration in child custody determinations. He further maintains that prior to that 1987 amendment, allegations of spousal abuse were not sufficient to overcome the presumption in favor of joint custody.

At the time of trial, the statute establishing the presumption in favor of joint custody, § 40-4-224, MCA (1985), read, in relevant part:

> (1) Upon application of either parent or both parents for joint custody, the court shall presume joint custody is in the best interests of a minor child unless the court finds, under the factors set forth in 40-4-212, that joint custody is not in the best interests of the minor child. If the court declines to enter an order awarding joint custody, the court shall state in its decision the reasons for denial of an award of joint custody. Objection to joint custody by a parent seeking sole custody is not a sufficient basis for a finding that joint custody is not in the best interests of a child,

3

nor is a finding that the parents are hostile to each other.

The lower court made detailed findings, several of which relate to the continuing effects of the physical abuse which occurred during the parties' marriage. These include the following:

42. Petitioner has not been alone with Respondent since October, 1983. She continues to fear him.

43. Petitioner testified that she and Respondent are unable to communicate about the minor child. She believes that they are unable to communicate because Respondent insists on total control of their relationship and is unable to share decision-making authority. Further, her fear of him interferes with her ability to communicate with him.

44. Respondent denies that he assaulted Petitioner. Petitioner's testimony concerning the assaults was credible.

45. Respondent testified that he was not aware of any problems relating to visitation or transportation of the child but related several occasions when he and Petitioner quarreled over issues relating to the minor child.

46. Myra Deschame was qualified to testify as an expert in the field of social work and domestic violence. Ms. Deschame identified the Petitioner as a battered spouse and testified that batterers have certain personality traits in common, including low self-esteem and an inability to control their anger.

47. Ms. Deschame testified that children are at risk living with men who batter, both because of the likelihood that the child will be battered and the likelihood that the child will rely on that person as a role model.

We have reviewed the transcript and conclude that the above findings are not clearly erroneous. See Rule 52(a) M.R.Civ.P.

In its conclusions, the court stated:

4

Joint custody of the minor child is not in his best interest due to the violent behavior manifested by [Respondent] towards [Petitioner] during the marriage and the risk posed to the child as a result of such behavior.

While spousal abuse was not listed as a factor to be considered in awarding custody under § 40-4-224, MCA (1985), the evidence at trial clearly related the history of abuse to the best interests of the child. Specifically, the evidence related to § 40-4-212(1) and (5), MCA, the wishes of the child's parents as to his custody and the mental and physical health of all individuals involved. The father's arguments do not dispose of these legitimate concerns. Regardless of the plan of physical custody, joint legal custody would require a sharing of decision-making and responsibility between the parents. We hold that there was no abuse of discretion in the lower court's conclusion that joint custody is not in the child's best interest.

II

Did the District Court abuse its discretion in setting the amount of child support?

The father argues that the record does not support the award of $235 in child support per month. He asserts that this amount does not take into account his expenses, his fluctuating income, or his in-kind contributions to his son's support.

Our standard of review is whether the district court abused its discretion. In re Marriage of Tonne (Mont. 1987), 733 P.2d 1280, 1284, 44 St.Rep. 411, 416. Exhibit 2, introduced into evidence by the mother without objection, used the formula suggested in the Uniform District Court Rule on Guidelines for Determinating Child Support to calculate the father's monthly child support obligation at $246. The mother's Exhibit 3, which was also admitted into evidence

5

without objection, calculates the father's child support obligation at $228 per month, based on the formula set forth by this Court in In re Marriage of Carlson (Mont. 1984), 693 P.2d 496, 41 St.Rep. 2419, rev'd on other grounds after remand, 714 P.2d 119. The District Court's child support award is in the range between those two calculations. The court reduced child support to $145 per month during the two months which include the father's summer visitation. We conclude that the court's setting of child support is not an abuse of discretion.

Affirmed.

Justice

We concur:

Chief Justice

Justices

Justice John C. Sheehy, dissenting:


If we accept in full the findings of fact made by the District Court, particularly including those relating to battery, the conclusions and order derived therefrom do not make sense. Granting the father full visitation custody of the boy for six weeks during the summer, and on every alternate major holiday, belies the findings that the child would suffer battery himself, or have an improper role model.

It would make more sense, and be cheaper for the parties, if the father were granted custody of the child during the winter months when he was not working and the mother is working, and conversely, that the mother be given complete custody during the summer months when she is not working and the father is working. The reversal of their times of custody to their employment can only complicate the lives of the boy and his parents. This arrangement could have been worked out while still maintaining custody in the mother. It is certainly far better for the interests of the child that he spend as much time as possible with his parents, and not with babysitters or in daycare. Therefore I dissent.

_____
                Justice

Mr. Justice William E. Hunt, Sr.:

I concur in the foregoing dissent.

_____
                Justice


- 7 -