No. 95-017

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF
LORRIE A. STONE, n/k/a
LORRIE A. BERNARDI,

    Petitioner and Appellant,

and

KEVIN D. STONE,

    Respondent and Respondent.

**FILED**

OCT 12 1995

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Daniel L. Falcon; Matteucci, Falcon, Squires &
        Lester, Great Falls, Montana

    For Respondent:

        Joan E. Cook; Miller & Cook, Great Falls, Montana

Submitted on Briefs:  August 24, 1995

Decided:  October 12, 1995

Filed:

Justice W. William Leaphart delivered the Opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter, and West Publishing Company.

Lorrie A. Stone-Bernardi (Lorrie) appeals from the district court order of the Eighth Judicial District Court, Cascade County, determining child support for her two minor children, and denying an award of attorney's fees. We affirm the District Court as modified in this decision and remand for recalculation of child support. The following issues are raised on appeal:

1.   Did the District Court err in refusing to award Lorrie her attorney's fees.

2.   Did the District Court abuse its discretion in setting the child support obligation.

Lorrie and Kevin Stone (Kevin) were married on August 14, 1984. Two sons, Colt and Cale, were born of the marriage. The marriage was dissolved by decree on July 2, 1992. The Property Settlement Agreement incorporated into the Dissolution Decree set forth Lorrie and Kevin's rights and obligations regarding child support, custody and visitation. The agreement established that Lorrie would have the primary physical custody of the two minor children. However, in 1993, Lorrie voluntarily transferred physical custody of the boys to Kevin for more than six months. In

2

late 1993, Kevin moved the court to recognize this de facto physical custody situation and to modify the Decree of Dissolution to grant him primary physical custody of the children. The court denied his motion.

Lorrie subsequently remarried and, in anticipation of relocating to Billings, she moved the court to modify the custody and visitation portions of the Property Settlement Agreement. Additionally, Lorrie requested that she be awarded attorney's fees for her legal actions to date, specifically in response to Kevin's motion to gain primary physical custody of the children.

Prior to the hearing set to consider Lorrie's motions, the parties presented the court with a stipulation resolving the outstanding issues. Lorrie's counsel drafted the stipulation, entitled "Settlement Agreement," which, inter alia, states: "This agreement contains the full and complete agreement of the parties and the parties hereto warrant that they have entered into no other side agreements . . . ." The Settlement Agreement did not mention nor reserve the issue of attorney's fees. Additionally, Lorrie's counsel, after first requesting the hearing on the issue of attorney's fees, later vacated the hearing date with no reservation of the attorney's fees issue. Two and one-half months after the Settlement Agreement was entered Lorrie filed a Motion to modify Kevin's Child Support Obligation and renewed her Motion for Payment of Attorney's Fees.

1. Did the District Court err in refusing to award Lorrie attorney's fees?

Lorrie's request for attorney's fees stems from her response

3

to Kevin's motion to modify the primary physical custody of the children based on his de facto physical custody. The court denied his motion and did not grant Lorrie attorney's fees. Lorrie did not appeal from the denial of attorney's fees.

Lorrie argues that Section XIII of the Custody and Property Settlement Agreement requires that the successful party receive full costs and reasonable attorney's fees incurred in order to enforce or defend any of the provisions of the Agreement. However, prior to the hearing set to hear Lorrie's motion to modify the Property Settlement Agreement, Lorrie and Kevin presented the court with a stipulation resolving the outstanding issues. The stipulation, entitled "Settlement Agreement," drafted by Lorrie's counsel, states: "This agreement contains the full and complete agreement of the parties and the parties hereto warrant that they have entered into no other side agreements. . . ." No mention of the issue of attorney's fees was made in the agreement. Nor was the issue reserved when Lorrie's counsel vacated the hearing date on the attorney's fees. The District Court concluded, in its conclusions of law, that Lorrie waived her claim for attorney's fees by entering into the Settlement Agreement and failing to reserve the issue of attorney's fees.

We recently held that, "[w]e review a district court's conclusions of law to determine whether the court's interpretation of the law was correct." In re Marriage of Kovash (Mont. 1995), 893 P.2d 860, 863, 52 St.Rep. 280, 281 (citing In re Marriage of Barnard (1994), 264 Mont. 103, 106, 870 P.2d 91, 93. Additionally,

4

our standard of review of an order denying or granting a motion for attorney's fees and costs is whether the district court abused its discretion. Marriage of Barnard, 870 P.2d at 95. Here, we find that the District Court correctly interpreted the law and did not abuse its discretion in concluding that Lorrie waived her claim for attorney's fees.

2. Did the District Court abuse its discretion in setting the child support obligations?

In arguing that the District Court abused its discretion in setting Lorrie and Kevin's child support obligations, Lorrie disputes five of the District Court's findings. She argues:

1. The District Court erred in concluding that Kevin's household size equaled three instead of two, as stipulated by the parties.

2. The District Court incorrectly calculated Kevin's income.

3. The District Court incorrectly imputed a reasonable amount of daycare costs.

4. The District Court incorrectly calculated the number of days Kevin would have visitation with the children.

5. The District Court failed to include all of Kevin's assets in the child support calculations.

Absent a clear showing of abuse of discretion a district court's award of child support will be upheld. In re Marriage of Hill (1994), 265 Mont. 52, 57, 874 P.2d 705, 707 (citing In re Marriage of D.F.D. and D.G.D. (1993), 261 Mont. 186, 203, 862 P.2d 368, 378). This Court will review a district court's findings of fact in child support modification cases to determine whether they are clearly erroneous. Marriage of Kovash, 893 P.2d at 862-63.

5

There is a presumption in favor of the district court's judgment unless an appellant demonstrates there was a clear abuse of discretion or an error in the district court's findings. In re Marriage of Johnson (1987), 225 Mont. 404, 405, 732 P.2d 1345, 1346.

In the instant case, certain of the court's findings and conclusions are clearly erroneous. Regarding the size of Kevin's household, the record shows that the parties stipulated to the household size consisting of two not three persons. This stipulation came after Kevin admitted he incorrectly filled out his financial affidavit that was then used in the Child Support Guidelines Worksheet. The incorrect household size results in an error in the amount of "self-support reserve" allotted to Kevin which then results in a lower child support obligation.

The record also reveals that Kevin's income was incorrectly calculated by the court. Kevin's financial affidavit reports his income based on both an hourly ($13 per hour) and a weekly ($700 per week) wage. Calculating his income based on his reported $700 per week wage results in an annual income of $36,400 per year. The District Court calculated Kevin's income based on an hourly wage of $12.90 resulting in an annual income of $26,844.48. However, Kevin's hourly wage was disputed. The record shows that in reporting $13 per hour, Kevin was understating his actual wage which included significant amounts of "premium time." On the other hand, there is no dispute about the $700 per week figure and no evidence that it was an over or under statement of his income.

Thus in light of the evidence in the record, the court erred in basing Kevin's annual salary on an hourly wage of $12.90 rather than on the undisputed figure of $700 per week.

As for the three other issues presented by Lorrie, there is substantial credible evidence in the record to support the District Court's findings. See Marriage of Johnson, 732 P.2d at 1347. Consequently, we conclude that the court's findings of fact for the three remaining issues are not clearly erroneous and, finding no abuse of discretion, we will not disturb the court's judgment for these issues. Marriage of Kovash, 893 P.2d at 862-63.

We affirm the decision of the District Court as modified herein and remand this case to the District Court for a recalculation of the amount of child support Kevin must pay based on a household size of two persons and an annual income based on his weekly wage of $700.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7