No. 82-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

IN RE THE MARRIAGE OF:

LILLIAN A. GRENFELL,

Appellant

vs.

ALLEN W. GRENFELL,

Respondent,

and

IN RE THE MARRIAGE OF:

ALLEN W. GRENFELL,

vs.

LILLIAN A. GRENFELL.

Appeal from: District Court of the Third Judicial District,
In and for the County of Deer Lodge
Honorable Mark P. Sullivan, Judge presiding.

Counsel of Record:

For Appellant:

Knight, Dahood, McLean & Everett; David M. McLean,
Anaconda, Montana

For Respondent:

R. Lewis Brown, Jr., Butte, Montana

Submitted on briefs: August 12, 1982

Decided: October 4, 1982

Filed: OCT 4 - 1982

_____
Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Lillian A. Grenfell appeals from an order of the Deer Lodge County District Court holding that Allen W. Grenfell was not in contempt of court and changing the payment schedule on support and maintenance. We affirm.

In 1976, Lillian and Allen filed suit against each other for divorce. The actions were consolidated. At the divorce hearing the evidence disclosed a $3,806.92 spending spree by Lillian following the parties' separation with the indebtedness charged to Allen. Lillian had also forged Allen's name to an income tax refund check and spent the $1992. Allen had been paying $450 per month in temporary child support and maintenance, which he reduced to $300 per month following the spree.

On March 3, 1977, the District Court issued findings of fact and conclusions of law and entered a decree dissolving the marriage. The court found Lillian liable to Allen for the shopping spree and the tax refund to the extent of $5,798.92. The court ordered Lillian to repay Allen by transferring to him stock worth $5,798.22 from her half of the stock in the family corporation. The court also ordered Allen to pay $375 per month as child support and maintenance, stating that such a reduction would enable him to liquidate "the debts Mrs. Grenfell showered upon him . . ." over the course of four or five years. The decree was modified on July 28, 1977.

On appeal of that order, this Court held that the District Court had improperly penalized appellant twice for the debts she had accumulated--first by ordering her to give a portion of her corporate stock shares to Allen and again

-2-

by reducing the child support and maintenance to be paid by Allen. Grenfell v. Grenfell (1979), 182 Mont. 229, 233, 596 P.2d 205, 207.

On remand the District Court held a hearing to adjust the property rights between the parties. The stock in the family corporation was once again equally divided between the parties and support and maintenance payments were raised to $450 per month.

Allen has failed to pay any of the debts from the shopping spree, and Lillian has been sued by most of the creditors involved. She requested that Allen be held in contempt of court. The District Court held that Allen had not violated the provisions of the amended divorce decree and was therefore not in contempt of any order of the District Court and ordered Allen to make support and maintenance payments on or before the 25th day of each month.

Two issues are raised on appeal:

(1) Whether Allen violated the provisions of the amended divorce decree and should have been held in contempt of court; and

(2) Whether the District Court erred in modifying the schedule for child support and maintenance payments sua sponte?

For this Court to reverse the District Court, Lillian must demonstrate that there was a clear abuse of discretion by the District Court, that there is a clear preponderance of evidence against the District Court's findings, and she must overcome the presumption that the judgment of the District Court is correct. Jensen v. Jensen (1979), 182 Mont. 472, 474, 597 P.2d 733, 734.

The District Court has the power to compel obedience to its orders, section 3-1-111(4), MCA, and to punish disobedience of an order in a cause before it as contempt of court, section 3-1-501(e), MCA. See also, Board of Commissioners of Flathead County v. Eleventh Judicial District Court (1979), 182 Mont. 463, 470, 597 P.2d 728, 732; In Re Nelson et al. (1936), 103 Mont. 43, 52, 60 P.2d 365, 369, and cases cited therein. The District Court is not, however, bound to find a contempt of court where the facts do not support willful disobedience of a court order. Williams v. Budke (1980), ____ Mont. ____, 606 P.2d 515, 518, 37 St.Rep. 228, 232; State v. District Court of Third Judicial District (1938), 107 Mont. 185, 81 P.2d 692.

Here, the District Court had before it the agreed facts as presented by counsel for both parties, the transcript of the modification hearing on remand, and the previous orders, findings of fact, and conclusions of law entered in this action. The record on appeal supports the District Court's determination that Allen was not in violation of the divorce decree as amended.

The decree of dissolution was entered on March 3, 1977. On July 28, 1977, the findings of fact, conclusions of law and supporting opinion of the District Court were modified and supplemented. In the decree and its supporting findings, conclusions and opinion, the District Court plainly indicated that Lillian owed Allen property to the extent of the $5,798.92 total of the shopping spree and the tax refund check appropriated by Lillian. The decree ordered Lillian to transfer stock worth $5,798.92 to Allen to balance the property rights of the parties. The findings

of fact and the decree's supporting opinion indicated that Allen was to pay three specific bills that totaled less than $200 "as he [was] able" and provided as the rationale for the lowering of the child support and maintenance payments to $375 per month that this would give Allen the opportunity to pay off the bills Lillian had "showered upon him" over four to five years.

The court noted in the findings of fact that Lillian's shopping spree had plunged Allen so far into debt that creditors were beginning to sue him on the accounts. The decree did not, however, order Allen to assume responsibility for the debts.

On appeal this Court held that the reduction in child support and maintenance for the purpose of allowing Allen to liquidate the debts constituted a second penalty to Lillian since she had already been required to transfer stock to Allen in order to balance the property award. Upon remand, the District Court divided the stock equally between the parties and then proceeded to raise the child support and maintenance awards on the basis of changed circumstances. The record on appeal does not support Lillian's contention that the raise in the maintenance and support award was in part due to the District Court's consideration of the previous reduction in child support and maintenance for the purpose of allowing Allen to liquidate the debts. The findings and conclusions of the court in support of the amended decree make no reference to the previous reduction. They base the raise in the award solely upon a change in circumstances. Again, the decree did not order Allen to pay the debts.

The record demonstrates an awareness on the part of the original trial court of the likelihood that Allen would be sued for collection on the accounts and that therefore the property award should be adjusted accordingly. It does not show that this was considered thereafter on remand when the trial court equalized the property award and adjusted the support and maintenance award based upon a change in circumstances.

The record supports the order of the District Court entered on March 17, 1982, which held that Allen had not violated the decree of divorce as amended and entered on March 6, 1980. Lillian has failed to make a showing that Allen is in contempt of court in regard to the bills from the shopping spree. Nor does the record show that Allen was "able" to pay the three minor bills, was requested to do so and refused. This argument fails.

The second issue raised by Lillian is whether the District Court erred in modifying the schedule for child support and maintenance payments sua sponte. Here, however, the court's action was not sua sponte. Lillian's argument is without merit.

Lillian, in her affidavit in support of order to show cause, requested the District Court to order Allen to make payments "when due." At the hearing on this matter, counsel for Lillian again asked the court to examine existing problems with the payment schedule for support payments.

The original decree and the amendments of July 28, 1977, called for one payment on the 15th day of the month. On remand, the District Court provided that the support payments be made "on a bi-monthly schedule as required by

-6-

the original decree of the court on March 3, 1977 to conform with his pay periods set by employer."

Since conflict exists between the payment schedule as set forth in the original decree and in the decree as amended on remand, it was the duty of the District Court to resolve it. The District Court questioned both Allen and Lillian as to the existing payment schedule and the problems with it. Modification of the schedule to conform to the original requirement of one payment per month and to allow Allen to process his paycheck before sending his money order to the clerk of court's office is well within the District Court's discretion. Section 3-1-111(8), MCA.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices