No. 82-388

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

PEGGY A. REYNOLDS,

        Petitioner and Respondent,

  -vs-

JAMES C. REYNOLDS,

        Respondent and Appellant.

Appeal from:  District Court of the Nineteenth Judicial District,
In and for the County of Lincoln, The Honorable
Robert M. Holter, Judge presiding.

Counsel of Record:

    For Appellant:

        Murphy, Robinson, Heckathorn & Phillips; Donald
R. Murray, Kalispell, Montana

    For Respondent:

        Susan Loehn, Eureka, Montana

Submitted on Briefs:  December 9, 1982

Decided:  March 3, 1983

Filed:  MAR 3 1983

_____
                 Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

James C. Reynolds appeals from a judgment of the District Court of the Nineteenth Judicial District, Lincoln County, modifying his child support payments and ordering him to furnish medical coverage for his two minor children.

James C. Reynolds (husband) and Peggy A. Reynolds (wife) were married in 1961. Their marriage was dissolved on May 14, 1979. The divorce decree included a property settlement agreement wherein husband was required to make property settlement payments of $100 per month to the wife until August 1982. Husband was also required to pay $100 per month child support for each of the couples' four children. Two of the children have since reached majority.

On June 18, 1982, wife petitioned the District Court for an increase in child support of $200 per month per child. In the petition, wife stated the amount of the current child support, $100 per month per child, was not sufficient to meet the current needs of the two children, now ages 14 and 16. She also stated that the cost of living had increased in the three years since the divorce, as had the physical needs of the children.

On July 19, 1982, the District Court held a hearing to determine whether wife's petition for increased child support should be granted. The record from the hearing discloses that the circumstances surrounding the parties have changed since the May 14, 1979 divorce decree as follows:

I. CHANGES IN CIRCUMSTANCES SURROUNDING WIFE

At the time of the dissolution, wife began working for the first time in 18 years and earned $488 a month. She is now earning $700 a month. The house which she was awarded at the time of the dissolution had payments of $287 a month. She sold the house and bought a mobile home which costs $328.65 per month to maintain.

2

Wife paid automobile insurance premiums of $80 to $90 per year at the time of the decree. As a result of the destruction of two automobiles by the parties' children, wife now pays automobile insurance premiums of $480 per year. In addition, wife's car payments have increased from $54 per month to $174 per month since the time of the decree.

Since the two children living with wife have entered high school, their expenses and needs have increased. Wife pays $40 to $50 per month for clothing for the children. This clothing expense increases to $300 per month when wife buys school clothes for the children. In addition, the children are now involved in sports, and wife must pay $80 per month for expenses related to those sports activities.

Finally, wife testified that although the two older children no longer live in wife's home, her expenses for groceries and clothing remain the same due to the increased cost of living since the dissolution.

II. CHANGES IN CIRCUMSTANCES SURROUNDING HUSBAND

At the time of the dissolution, husband received a military pension, worked part-time as a truck driver, and was a partner in a customs brokerage firm. He now receives over $200 per month more from his military pension, works fulltime as a truck driver, and has the option of determining how much income he will take out of the customs brokerage business.

Since the dissolution, husband has remarried. Husband's new spouse was employed prior to the filing of the petition for modification of child support, and earned approximately $700 per month. She was compelled to resign from her employment, however, due to a medical condition. Husband testified that his financial life is largely independent from that of his spouse. His grocery bill, however, has almost tripled since his remarriage. Husband

3

also receives no contributions from his spouse for house payments and improvements.

Although husband's net spendable income has decreased since the entry of the decree, he now has at least $711.80 per month after expenses.

On August 3, 1982, the District Court entered its findings of fact, conclusions of law, and judgment. The court found wife's present income to be $950 per month, and her monthly expenses to be $1,230.74. The court estimated husband's annual income at $24,000. The court also found husband's spouse's annual income to be approximately $10,000, and reasonable expenses of husband and his spouse to be $1,400 per month.

In its findings, the District Court also took judicial notice of inflation and its effect upon the economy. ". . . amounts which in 1979 may have represented a fair contribution to child support have been eroded drastically." The court also noted that a minimum established by the Welfare Department for aid to dependent children in Lincoln County in July 1982 was $187 per month. From these findings, the court concluded "that conditions of child support have changed since 1979 in this cause, that [wife] has a need of $200 per month per child of support and [husband] has the ability to pay the same." The court thereafter granted wife's petition for modification of child support, and increased child support to $200 per month per child.

Husband presents the following issues for our review:

1. Was there sufficient evidence of changed circumstances so substantial and continuing as to make the terms of the support award contained in the decree of dissolution unconscionable?

2. Did the District Court err in relying upon the income of husband's present wife to find husband had the ability to pay increased support?

4

3.  Did the District Court err in relying on inflation to find a need for increased support with no evidence of the rate of inflation or its effects on the wife?

4.  Are the findings of fact and conclusions of law made by the District Court fatally defective?

We affirm the District Court on all issues.

For this Court to reverse the District Court, husband must demonstrate that there was a clear abuse of discretion by the District Court, that there is a clear error in the District Court's findings, and he must overcome the presumption that the judgment of the District Court is correct.  Grenfell v. Grenfell (1982), ___ Mont. ___, 652 P.2d 1170, 1171, 39 St.Rep. 1891, 1893; Jensen v. Jensen (1979), 182 Mont. 472, 474, 597 P.2d 733, 734.  Husband must show that in light of the evidence in the record, the findings of the District Court are clearly erroneous.  Rule 52(a), M.R.Civ.P.; Baer v. Baer (1982), ___ Mont. ___, 647 P.2d 835, 838, 39 St.Rep. 1178, 1181.

As to the first issue, husband contends there is no evidence in the record to support the District Court's judgment that child support be increased to $200 per month per child.  We disagree.

Section 40-4-208(2)(b), MCA, provides, "Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:  (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable . . . ."

The District Court, in its findings of fact, stated that the circumstances of the parties had changed in the following manner:  Wife's income as of September 1, 1982, was $950, while she incurred monthly expenses of $1,230.74; Husband's annual income is approximately $24,000, and his expenses amount to $15,800 per year; the District Court cited inflation as a factor which supported a

5

need for an increase in child support; and the District Court noted that the Welfare Department paid $187 per month for aid to dependent children, a figure well above the amount which husband paid for child support under the original decree.

These findings are well supported by substantial evidence in the record. Wife's testimony indicated that her expenses had increased since the two children entered high school. The costs of food, clothing, high school activities, and maintenance of the automobile and the home have caused expenses for the wife that exceed her income. In contrast, since the emancipation of the parties' two older children, husband is paying less in child support. His income has increased due to the effect that cost of living increases have had on his pension. Although his expenses have also increased, he maintains at least $711.80 per month as net spendable income. Based on this record, we hold that the changed circumstances of the parties are so substantial and continuing as to make the terms of the original decree unconscionable. The District Court's findings, therefore, are not clearly erroneous.

The next issue is whether the District Court erred by considering the income of husband's present spouse. Husband correctly states that Duffey v. Duffey (1981), ___ Mont. ___, 631 P.2d 697, 38 St.Rep. 1105, precludes the consideration of the income of husband's present spouse in determining husband's increased ability to pay child support. In Duffey, however, the District Court's decision to increase child support was based solely on the income of the husband's spouse. Neither the financial needs and resources of the children nor the ex-wife were mentioned in the District Court's findings of fact in Duffey.

In the present case, however, the income of husband's present spouse was only one factor considered by the District Court. Other factors considered included wife's income and expenses, the

6

increased financial needs of the children, husband's income and expenses, and the effect of inflation on the amount of child support awarded to wife in the original decree. The consideration of these additional factors by themselves demonstrate that the District Court did not err by increasing the child support. In this case, mentioning the income of husband's present spouse in the District Court's findings of fact simply indicated his remarriage was not materially affecting his ability to pay increased child support.

Husband next argues that the District Court erred in relying on inflation to find a need for increased support with no evidence of the rate of inflation or its effects on husband. We find no merit in this argument. Today inflation is not open to reasonable dispute. Rule 201(b), M.R.Evid.

The finding of the District Court in the present case is similar to that of the District Court in Baer v. Baer (1982), ___ Mont. ____, 647 P.2d 835, 39 St.Rep. 1178, wherein this Court upheld the District Court's finding that, due to the increased age of the child and the increased cost of living, the costs of supporting the child increased by approximately 50 percent since the divorce. In Baer, as in the present case, the finding of the District Court was supported by the wife's testimony that 1) the monthly food budget was affected dramatically by inflation; in the present case, wife testified that her monthly food bill had remained about the same since 1979, even though two children were no longer living with her; 2) costs of clothing for the children increased since the divorce; and 3) costs associated with raising children, including health care, hobbies, and the costs of providing a home for the children increased in both cases since the divorce. This evidence provides sufficient support for the District Court's finding that inflation adversely affected wife's ability to provide for the children with the amount of child support she was receiving.

7

Husband cannot complain that no evidence was presented regarding the effect of inflation on his standard of living. Husband was present with counsel at the hearing when wife testified how the cost of living had affected her financial status. Wife's testimony was not rebutted, nor did husband present any testimony regarding how inflation affected him, although he had ample opportunity to do so.

Finally, husband contends the findings of fact and conclusions of law are fatally defective because the District Court found no substantial and continuing change in circumstances and reached no conclusion that the original award was thereby rendered unconscionable. It is clear from our discussion of the first issue in this opinion that the District Court did indeed find substantial and continuing changes in the parties' circumstances, although the District Court did not so state in those exact words. However, as stated in Baer, "The fact that the exact words of the statute (section 40-2-208(2)(b)) do not appear in the District Court's findings and conclusions is of no consequence." 647 P.2d at 838.

We affirm the judgment of the District Court.

_____
            Justice

We Concur:

_____

_____

_____
Justices

Mr. Justice Daniel J. Shea dissents and will file a written dissent later.

9