No. 83-275

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

IN RE THE MARRIAGE OF

ALLEN MONROE TRIMP,

Petitioner and Appellant,

-vs-

HARRIET ANN TRIMP,

Respondent and Respondent.

_____

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Henry Loble, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cannon & Sheehy; Edmund F. Sheehy, Jr., Helena,
Montana

For Respondent:

Ann L. Smoyer, Helena, Montana

_____

Submitted on Briefs: September 15, 1983

Decided: November 15, 1983

Filed: NOV 15 1983

*Ethel M. Harrison*

_____
Clerk

Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Allen Monroe Trimp appeals the May 10, 1983 order of the District Court of the First Judicial District, Lewis and Clark County, denying his April 12, 1983 motion to modify child support payments required of him.

The marriage of Allen Monroe Trimp (husband) and Harriet Ann Trimp (wife) was dissolved on February 25, 1983. The decree dissolving the marriage approved and incorporated the Custody, Support and Property Settlement Agreement (Agreement) entered into by the parties that same day. The relevant portion of the Agreement provided that as of March of 1983, husband would pay child support of $350 per child per month for each of the parties' two minor children, payments to be made bi-weekly.

Husband made the March payments, but wrote wife at the end of March to inform her that due to a decrease in pay, he would no longer be able to make the $700 a month payments. He offered to pay her $350 a month instead. Wife refused. At the beginning of April, husband paid wife $200 as child support rather than the agreed upon $350. Thereafter, husband filed this petition to modify his child support payments.

At the time the Agreement was entered into, husband was earning a net monthly salary of $1422 as a bus driver for Rimrock Stages of Billings, Montana. He supplemented that salary with extra income earned from driving charter buses and from repairing buses.

A hearing was held April 27, 1983 on husband's petition to modify. Husband was the sole witness. He testified that Rimrock Stages had switched from a salary pay plan to a wage pay plan in the middle of March 1983. As a result, he was

2

receiving 19¢ per mile, driving 460 miles on each working day and working a schedule of four days on, four days off, for a total net pay of approximately $1100 per month. In addition, his opportunities to drive charter had decreased as Rimrock Stages had hired a full-time charter bus driver. The only evidence presented in support of that testimony was husband's pay stub for April 1 through April 15, 1983. His net income for that two week period was $587. He presented no proof in support of his allegation that the wage-based pay plan was permanent.

Husband further testified that his $587 paycheck of April 15, 1983 was spent as follows:

| | | |
|---|---|---|
| 1. | Rent | $250 |
| 2. | Child Support | 200 |
| 3. | Truck Payment | 76 |
| 4. | Television Payment | 93 |
| 5. | Montana Power | 25 |
| 6. | Medical Bill for Son | 25 |

The only documentation of those expenses presented at the hearing was a receipt indicating that his monthly rent, including utilitites, was $250.

The parties agreed that wife's expenses had not changed since the time the Agreement was entered into.

Section 40-4-208(2)(b), MCA, controls when a trial court can grant a petition for modification of a child support decree. It states in relevant part:

"(2)(b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification . . . may only be made:

(i) upon a showing of changed cirucumstances so substantial and continuing as to make the terms unconscionable."

Based upon the testimony set forth above, the trial court held that husband's change in circumstances was neither so substantial or continuing as to make the original child support payments unconscionable. "This Court will reverse

3

the District Court on this issue only if the District Court's findings are clearly erroneous in light of the evidence in the record. Rule 52(a), M.R.Civ.P.; Reynolds v. Reynolds (1982)(sic), ____ Mont. ____, 660 P.2d 90, 40 St.Rep. 321." Hughes v. Hughes (1983), 666 P.2d 739 at p. 741, 40 St.Rep. 1102 at p. 1105. That evidence must also be viewed in the light most favorable to the prevailing party. Nicolai v. Nicolai (1981), 631 P.2d 300 at p. 303, 38 St.Rep. 1100 at p. 1103.

Viewing the evidence in the record in the light most favorable to wife, we cannot say that the decision of the trial court was clearly erroneous. The evidence indicates that husband's bi-weekly pay check for the period April 1 through April 15, 1983 was approximately twenty percent less than his bi-weekly pay checks were at the time husband entered into the Child Support Agreement. If husband's income is to remain permanently at this level and if husband's net worth is not substantial, it would be unconscionable to require him to pay 63% of his monthly income as child support if he would then be unable to meet his other financial obligations. However, husband has left the trial court with too many "ifs".

Husband has failed to prove that his total financial situation warrants a finding that his decrease in income changed his financial circumstances substantially. Further, he has totally failed to prove that the change would be continuing. Thus, pursuant to section 40-4-208(2)(b), MCA, the trial court acted correctly in denying husband's petition for modification.

Affirmed.

Justice

4

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5