No. 85-411

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN RE THE MARRIAGE OF
JEANNE M. UPHUS,

        Petitioner and Appellant,

   -vs-

MICHAEL J. UPHUS,

        Respondent and Respondent.

---

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Arnold Olsen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Richter & Associates; Jack E. Sands, Billings,
        Montana

    For Respondent:

        J. Brian Tierney, Butte, Montana

---

Submitted on Briefs: Jan. 9, 1986

Decided: June 3, 1986

Filed: JUN 3 - 1986

<u>Ethel M. Harrison</u>
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Jeanne Uphus (Sands), appeals a Silver Bow County District Court order which reduced the amount of child support that she receives each month from respondent, Michael Uphus. The issues on appeal are whether there are changed circumstances so substantial and continuing as to render the original decree of dissolution unconscionable and to support a modification of that decree; whether the District Court's findings of fact and conclusions of law are sufficient; and whether the District Court impermissibly, retroactively modified the child support provisions of the original decree. We affirm the District Court.

Appellant and respondent were joined in marriage in February, 1971. They are the parents of two children. In January 1981 appellant filed a petition for dissolution of marriage. In April 1981 the Silver Bow County District Court issued a decree of dissolution dissolving the marriage. The decree granted custody of the children to appellant during the children's school months and to respondent during the summer months. The decree ordered that respondent initially pay appellant $100 per month per child during the months appellant had custody. The decree increased the obligation to $152 per month per child after the respondent payed off a loan.

In December 1983 appellant filed a petition alleging that respondent was three months behind in his child support payments, and as a result, the District Court found respondent to be in contempt of court. In May 1984 respondent, alleging that he was unemployed, petitioned the

District Court for a modification of his child support obligation. In May 1984 the District Court found that respondent was unemployed and it modified the original decree of dissolution by ordering respondent to pay $50 per month per child for child support. The court provided that it would reexamine respondent's ability to pay child support following the May 1985 payment. The court further ordered respondent to pay $25 per month, and $250 from his income tax return, to reduce his accumulated arrearage in support payments. Appellant did not appeal the May 1984 order.

In May 1985, the District Court held a hearing to reexamine respondent's ability to pay child support. In June 1985, the court issued its findings of fact and conclusions of law. The court found that both parties had remarried and that both parties, and their spouses, are employed. The court also considered the changed circumstances since entry of the original decree of dissolution and ordered respondent to pay $100 per month per child for child support and $25 per month toward the support arrearages. The court further ordered that when the arrearage was paid off, respondent would pay child support of $112.50 per month per child. The order modifies the original decree by reducing the child support payments by about $40 per month per child. This appeal followed.

The first issue is whether the original decree of dissolution is unconscionable because of changed circumstances so substantial and continuing as to warrant a modification of that decree. Section 40-4-208, MCA, provides in pertinent part:

> (2)(b) Whenever the decree proposed for modification contains provisions relating

3

> to maintenance or support, modification under subsection (1) may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; . . .

The District Court modified the decree under this subsection of the statute. This Court has stated the standard of review many times. To gain reversal of the District Court, appellant must show that in light of the evidence in the record the findings of the District Court are clearly erroneous. Rule 52(a), M.R.Civ.P.; Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 93, 40 St.Rep. 321, 324. Appellant must demonstrate a clear abuse of discretion by the District Court and she must overcome the presumption that the District Court's judgment is correct. Reynolds, 660 P.2d at 93; citing Grenfell v. Grenfell (1982), 200 Mont. 490, 491, 652 P.2d 1170, 1171.

Here, there are changed circumstances since the entry of the original decree. Both parties have remarried and the wife has moved with her children to a permanent residence in northern Idaho, close to the Canadian border. The evidence shows this move had substantial consequences. Respondent testified that, ". . . I can't afford to see [the children] because they are too far away." Furthermore, respondent apparently earns approximately $150 less per month than at the time of the decree. Although the record is unclear on this point, it does show that respondent earns only $950 a month in take-home pay. We hold that there is substantial credible evidence to support the District Court's finding of changed circumstances so substantial and continuing as to make the terms of the original decree unconscionable. Appellant has not shown that the District Court clearly

4

abused its discretion nor has she overcome the presumption that the District Court's judgment is correct. We affirm the District Court's modification of the child support obligation.

The second issue is whether the District Court's findings of fact and conclusions of law are sufficient to support the modification of the decree. Appellant asserts that the District Court adopted respondent's proposed findings of fact and conclusions of law verbatim. Appellant contends the findings and conclusions are not supported by the evidence, not comprehensive, and not pertinent to the issues. This requires reversal, according to appellant, under Parenteau v. Parenteau (Mont. 1983), 664 P.2d 900, 903, 40 St.Rep. 815, 819, where this Court stated:

> . . . findings and conclusions which are sufficiently comprehensive and pertinent to the issues to provide a basis for decision . . . will not be overturned simply because the trial court relied upon proposed findings and conclusions submitted by counsel.

Initially, we note that nothing in the record reflects that the District Court adopted respondent's proposed findings and conclusions. Even if this were true, we find the findings and conclusions to be sufficiently comprehensive, pertinent and accurate to support the District Court's decision. The court found that both parties had remarried and noted the respective employment capabilities of each party and their respective spouses. The court also cited each party's present monthly income and concluded that, given the change of circumstances, a modification of the child support obligation was called for. We find no error in the sufficiency of the court's findings and conclusions.

5

The last issue is whether the District Court impermissibly, retroactively modified the child support provisions of the original decree. Section 40-4-208(1), MCA, states that, except as otherwise provided, ". . . a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification." Appellant argues that the District Court violated this statute by specifying how accrued payments (the arrearage) should be paid off. The District Court did provide that respondent would pay $25 per month towards his support arrearage. Appellant claims this is a retroactive modification of accrued support under Williams v. Budke (1980), 186 Mont. 71, 76-77, 606 P.2d 515, 518; quoting Wade v. Wade (Okla. 1977), 570 P.2d 337, 339:

> Providing the manner in which the judgment is to be collected amounts to an impermissible retroactive modification of the decree (citing cases). In addition such an order limits Carolyn's right to pursue statutory provisional remedies to collect [a] judgment.

Appellant does not, however, cite the controlling statement from the Williams case. This Court went on to say in Williams, 186 Mont. at 78, 606 P.2d at 519, that:

> The District Court always has jurisdiction in contempt proceedings for the purpose of enforcing a support money decree, to find the defaulting party in contempt, and to stay the execution of punishment for the contempt upon the proviso that the defaulting party purge himself by making payments in accordance with a schedule established by the District Court.

This is exactly what the District Court did in the instant case. The court had previously found respondent in contempt of court for being in arrears on his child support payments. The provision that he pay $25 per month towards the arrearage

6

was a mechanism by which respondent could purge himself.  We reject appellant's contentions under the third issue.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7