No. 93-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


IN RE THE MARRIAGE OF

MARCIA R. KIMM,

     Petitioner and Appellant,

  and

CLARENCE J. KIMM, SR.,

     Respondent and Respondent.

FILED

MAR 1 0 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Frank M. Davis, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

        James D. McKenna; Lineberger, Walsh & McKenna,
        Bozeman, Montana

     For Respondent:

        James J. Screnar; Angel, Screnar, Coil & Bartlett,
        Bozeman, Montana


Submitted on Briefs:  February 17, 1994

Decided:  March 10, 1994

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Marcia R. Kimm appeals from the dismissal of her motion for contempt by the Eighteenth Judicial District Court, Gallatin County. We affirm.

The marriage of Marcia R. Kimm (Marcia) and Clarence J. Kimm, Sr. (Clarence) was dissolved in 1992. In its findings, conclusions and decree, the trial court apportioned the marital estate. It divided the primary asset, the real property known as the Kimm Farm, between the parties and provided that either party could purchase the other's interest within 120 days. That case was appealed by Clarence, and this Court affirmed on all issues raised in In re Marriage of Kimm (Mont. 1993), 861 P.2d 165, 50 St.Rep. 1146.

During the pendency of that appeal, Clarence was not particularly cooperative in finalizing the division of the marital estate. Marcia exercised her option to purchase Clarence's interest in the Kimm Farm. When Clarence refused to transfer the property, Marcia moved the District Court for a contempt citation. The court granted that motion in an order dated February 22, 1993. It adjudged Clarence to be in contempt, fined him $5,000 plus costs and sentenced him to thirty days in the Gallatin County Jail; the court provided that Clarence could purge the contempt by full performance of each condition imposed by the decree within ten days. It appears from a later statement by the court--that the contempt citation "achieved [its] intended purpose"--that Clarence

2

purged the contempt and transferred his interest in the Kimm Farm. Marcia subsequently sought, and received from the court, an order for writ of assistance to remove Clarence from the farm.

Marcia filed another motion for contempt citation on June 17, 1993. She sought an order finding Clarence in contempt and requiring him to execute instruments necessary to transfer to her his interest in a smaller parcel of land. Clarence responded, asserting that the smaller parcel was not part of the "Kimm Farm" property apportioned in the dissolution decree.

Marcia filed a supplemental motion for contempt on July 29, 1993, in which she alleged that she was entitled to a 50% interest in certain investments not specified in the decree. Marcia requested the court to order Clarence to execute such documents as were necessary to liquidate those assets and, in the event of his refusal to do so, to hold him in contempt.

A hearing on Marcia's motion and supplemental motion for contempt was held on August 6, 1993. At that time, the court was advised that the supplemental motion for contempt had been resolved by the parties. The court heard testimony regarding Marcia's motion for contempt and dismissed the motion in its findings, order and opinion dated August 10, 1993.

The District Court noted that the issue before it was whether or not the disputed acreage was intended to be embraced by the decree's reference to the "Kimm farm." Because of the disputed facts and the necessity to construe and interpret the decree, the court concluded that contempt was inappropriate. Marcia appeals.

3

The issue before us is whether the District Court erred in dismissing Marcia's motion for contempt citation. It is clear that disobedience of any lawful judgment, order, or process of the court is a contempt of the authority of the court. Section 3-1-501(e), MCA. It also is clear that disobedience of an order or judgment directing a party to convey real property may be punished as a contempt. Section 25-8-102, MCA.

Importantly, however, a district court is not bound to find a contempt of court where the facts do not support willful disobedience of a court order. In re Marriage of Grenfell (1982), 200 Mont. 490, 493, 652 P.2d 1170, 1171 (citations omitted). Here, the decree of dissolution is not clear regarding whether the smaller parcel of property Marcia seeks was within the dissolution decree's description of the Kimm Farm. Facts and evidence on the issue are in dispute, and it would be necessary for a court to interpret or construe the decree in order to determine whether it encompassed the smaller parcel of property.

Under such circumstances, Clarence's refusal to convey the property to Marcia cannot be characterized as a willful disobedience of the decree. Thus, as the court concluded, that refusal does not rise to a contempt of court. We hold that the District Court did not err in dismissing Marcia's motion for contempt citation.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

4

with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

5

March 10, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


James D. McKenna, Esq.
Lineberger, Walsh & McKenna, P.C.
P.O. Box 6400
Bozeman, MT  59771-6400

James J. Screnar, Esq.
Angel, Screnar, Coil & Bartlett
125 West Mendenhall
Bozeman, MT  59715


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy