No. 93-589

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

TAMMY MARIE (O'NEIL) ANDERSON,

      Petitioner and Appellant,

  and

RALPH EDWARD O'NEIL,

      Respondent and Cross-Appellant.

FILED

JUN - 2 1994

Cal Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          David N. Hull, Attorney at Law,
          Helena, Montana

     For Respondent:

          Robert T. Cummins, Attorney at Law,
          Helena, Montana

Submitted on Briefs:  April 7, 1994

Decided:  June 2, 1994

Filed:

                     Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Tammy Marie (O'Neil) Anderson appeals from the August 24, 1993 order of the First Judicial District Court, Lewis and Clark County, for failing to address Tammy's motion for attorney's fees. Ralph Edward O'Neil cross-appeals the court's order regarding his child support obligations. We affirm the District Court's judgment regarding Ralph's child support obligations, and remand to the District Court to award and determine appropriate attorney's fees in accordance with the parties' separation agreement.

Tammy and Ralph divorced on January 14, 1988. The parties' separation agreement, which was incorporated into the final dissolution decree, provided for joint custody of the two children with Tammy as primary physical custodian, and required Ralph to pay child support and one-half of any of the children's uncovered medical expenses. The separation agreement contained a clause which provided that, "should any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party."

Tammy filed a motion to modify Ralph's child support obligation on June 21, 1993, in which she requested a recalculation of support pursuant to the Montana Child Support Guidelines (MCSG). Tammy's motion further requested that she be awarded attorney's fees as a result of the modification. After a hearing, and recalculation under MCSG, the District Court ordered on August 24, 1993, that Ralph pay an increased amount of child support and all

2

of the children's uncovered medical expenses. The District Court failed to address Tammy's request for attorney's fees.

Tammy and Ralph both filed motions to amend the District Court's August 24, 1993 order. Tammy, as the successful party, requested her attorney's fees from the modification hearing, and Ralph requested modification of his child support and medical obligations. On October 6, 1993, the District Court denied Ralph's motion, but did not rule on Tammy's motion for attorney's fees.

I

Did the District Court err in failing to address the award of Tammy's attorney's fees?

Pursuant to § 40-4-201, MCA, parties, upon separation or dissolution of marriage, may enter into written separation agreements. If not unconscionable, the terms shall be set forth in the dissolution decree, and the terms shall be binding upon the district court. Section 40-4-201(1), (4)(a), MCA.

Tammy and Ralph entered into a separation agreement which clearly and reasonably provided that the successful party in any modification proceeding be awarded attorney's fees. In In re Marriage of Boyer (Mont. 1993), 862 P.2d 384, 387, 50 St.Rep. 1277, 1279, a clause in Tom and Gail Boyer's separation agreement contained an identical attorney's fee provision. The district court in Marriage of Boyer awarded attorney's fees based on that provision, and we upheld the district court's decision and stated that the attorney's fee provision was clear and binding. Marriage

3

of Boyer, 862 P.2d at 388. In this case, the District Court failed to even address Tammy's motion for attorney's fees. We, therefore, remand this issue to the District Court to award and determine appropriate attorney's fees in accordance with the parties' separation agreement.

II

Did the District Court err in modifying the parties' initial child support obligations pursuant to § 40-4-208, MCA?

Section 40-4-208(2)(b)(i), MCA, requires a party requesting a modification of a child support obligation to prove "changed circumstances so substantial and continuing as to make the terms unconscionable." Ralph claims that Tammy failed to show a sufficient change in circumstances to justify modifying his child support obligations. We disagree.

Tammy is currently a full-time college student. In addition, she runs a part-time secretarial service. Her gross annual income is approximately $4,800. Ralph is employed by Northwestern Tire, and his gross annual income is approximately $36,300. Tammy alleged in her affidavit that the cost of raising the children has increased as they have grown older, resulting in a change in circumstances sufficient to warrant modification under § 40-4-208(2)(b)(i), MCA. Tammy supplied the District Court with a financial affidavit indicating her expenses, and the District Court recalculated Ralph's child support obligation pursuant to MCSG.

This case can be analogized to Marriage of Reynolds (1983),

4

203 Mont. 97, 660 P.2d 90. There, the wife petitioned the district court for an increase in child support, contending, as part of her testimony, that her two minor children's expenses--food, clothing and high school-related activities--had increased as they had grown older. Marriage of Reynolds, 660 P.2d at 93. When recalculating the husband's child support obligations in Marriage of Reynolds, the district court considered the increased age of the children and found it to be a valid factor. Marriage of Reynolds, 660 P.2d at 94. On appeal this Court held that the district court was not clearly erroneous in finding a sufficient change in circumstances to warrant an increase in the husband's child support obligation. Marriage of Reynolds, 660 P.2d at 94.

When reviewing the findings of a trial court, we will not substitute our judgment for that of the trier of fact, but will determine whether there is substantial credible evidence to support those findings. In re Marriage of Johnson (1987), 225 Mont. 404, 407, 732 P.2d 1345, 1347. In the recent case of Matter of D.H. and F.H. (Mont. 1994), 51 St.Rep. 386, 387, we held that even if we determine that substantial credible evidence exists to support a finding, we must still examine whether the finding is clearly erroneous. In order to determine whether a finding is clearly erroneous, we apply the following three-part test:

> First, the Court will review the record to see if the findings are supported by substantial evidence. Second, if the findings are supported by substantial evidence we will determine if the trial court has misapprehended the effect of evidence. Third, if substantial evidence exists and the effect of the evidence has not been misapprehended the Court may still find that "[a] finding is 'clearly erroneous' when, although there is evidence

5

to support it, a review of the record leaves the court with the definite and firm conviction that a mistake has been committed."

Matter of D.H., 51 St.Rep. at 387 (citations omitted). We hold that there is substantial evidence in the record to support the District Court's findings in regard to Ralph's child support modification. The District Court correctly determined that Tammy showed sufficient evidence of changed circumstances to warrant the modification, pursuant to § 40-4-208(2)(b)(i), MCA, of Ralph's initial child support obligation. The District Court did not misapprehend the effect of the evidence or commit a mistake.

## III

Did the District Court err in portions of its findings of fact, conclusions of law, and order?

The District Court, in its August 24, 1993 order, increased Ralph's monthly child support obligation and the percentage of the children's uncovered medical expenses Ralph was required to pay. Ralph contends that the District Court erred in regard to several findings of fact and conclusions of law.

Although we adopted the three-part test, as restated in Matter of D.H., 51 St.Rep. at 387, to determine whether a finding of fact is clearly erroneous, in reviewing conclusions of law, we examine whether the trial court correctly interpreted the law. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

Ralph contends that his annual bonus of $1,500 should not have

6

been included in his gross income computation since there is no guarantee that he will continue to receive this bonus in the future. However, § 46.30.1508(1)(a), ARM, states that bonuses are to be included in gross income computations for the purpose of determining child support obligations. We hold that the District Court's decision to include Ralph's annual bonus in his gross income computation was not clearly erroneous.

Ralph contends that Tammy's income was incorrectly determined because the District Court failed to impute income to her. Ralph contends that since Tammy has the earning capacity of five dollars per hour, the District Court was required to compute her income based on that rate. We disagree.

We have previously held that, in addition to earning capacity, district courts are obliged to consider other factors, such as available employment opportunities, when imputing income to a party. In re Marriage of Gebhardt (1989), 240 Mont. 165, 172, 783 P.2d 400, 404. Moreover, § 46.30.1513(2)(d)(iii), ARM, clearly states that income should not be imputed to a parent who is "engaged in a plan of economic self-improvement, including but not limited to education" which would, within a reasonable amount of time, be economically beneficial to the children. Tammy is a full-time college student pursuing higher education. Tammy's educational pursuit is intended to result in increased income and financial security for her children. She is well into her "plan" and, therefore, in a reasonable amount of time is very likely to complete her education and reap the financial benefits.

7

Accordingly, we hold that the District Court was not clearly erroneous in relying on Tammy's actual rather than imputed income to establish Ralph's child support obligation.

Ralph also contends that the District Court neglected to consider Tammy's earned income credit from 1992. However, Ralph was given a $50 per month credit as a variance from the guidelines because Tammy claimed both children as exemptions for tax purposes. We hold that the District Court was not clearly erroneous in its computation of the incomes of Tammy and Ralph.

Ralph contends that he should be credited for keeping the children two months out of the year. This argument is contrary to § 46.30.1535(2), ARM, which states that child support obligations are monthly. There is an exception if the parties have an extended visitation/shared physical custody arrangement in which the party paying child support keeps the children more than 110 days each year. Section 46.30.1535(5), ARM. Ralph does not keep the children for more than two consecutive months per year. Therefore, we hold that the District Court was not clearly erroneous in requiring Ralph to pay his child support obligations on a monthly basis.

Finally, Ralph contends that the District Court should not have modified the parties' original agreement regarding the children's uncovered medical expenses since it was not requested to do so. However, after the District Court determined that the parental share of combined resources was 100% attributable to Ralph, the court, accordingly, allocated 100% of the uncovered

8

medical expenses to Ralph.  We hold that the District Court was correct in its allocation of the children's uncovered medical expenses.

We conclude that the District Court's modifications of Ralph's child support obligations and medical expenses were not clearly erroneous.  We remand to the District Court to award and determine appropriate attorney's fees in accordance with the parties' separation agreement.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____
_____
Justices

Justice Karla M. Gray, dissenting.

I must respectfully dissent from the Court's opinion.

The Court correctly states the statutory standard to be applied by the District Court in modifying the parties' original child support obligations: the party requesting such a modification must prove "changed circumstances so substantial and continuing as to make the terms unconscionable." Section 40-4-208(2)(b)(i), MCA. Unfortunately, the Court then proceeds to ignore the standard and the fact that nothing in the District Court's findings, conclusions and order indicates that it applied the standard. I cannot agree.

The unconscionability standard necessarily requires something more than any change in circumstances no matter how small; it is, and was intended to be, a difficult standard for the party requesting modification to meet. Here, no findings or conclusions by the District Court indicate that the standard was met; nor does this Court's opinion fill that gap from record testimony or other evidence.

In this regard, the case before us is unlike the Marriage of Reynolds case upon which it purports to rely. There, the district court set forth the actual changes in the parties' circumstances which provided the basis for its modification; we reviewed the court's findings and concluded that they were well supported by substantial evidence in the record and, therefore, not clearly erroneous. Marriage of Reynolds, 660 P.2d at 92-93. On that basis, we held that the changed circumstances of the parties were

10

"so substantial and continuing as to make the terms of the original decree unconscionable." Marriage of Reynolds, 660 P.2d at 93-94.

I would remand this case to the District Court for the entry of findings and conclusions regarding whether--and, if so, how--Tammy met the § 40-4-208(2)(b)(i), MCA, standard. To do otherwise amounts to judicial amendment of the statutory standard. For that reason, I would not conclude at this time that Tammy is entitled to attorney's fees as the prevailing party. That issue also should be addressed by the District Court on remand.

_____
Justice

11

June 2, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


DAVID N. HULL
Attorney at Law
P.O. Box 534
Helena, MT 59624

ROBERT T. CUMMINS
Attorney at Law
One North Last Chance Gulch
Helena, MT 59601

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy