No. 02-596

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 39N

IN RE THE MARRIAGE OF

TERRI LEE RAMSTAD,

Petitioner and Respondent,

and

BARRY LYNN RAMSTAD,

Respondent and Appellant.

APPEAL FROM:    District Court of the Eleventh  Judicial District,
                In and for the County of Flathead, Cause No. DR-00-530(A)
                The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

          For Appellant:

               Peter F. Carroll, Attorney at Law, Kalispell, Montana

          For Respondent:

               Paula M. Johnson, Attorney at Law, Whitefish, Montana

                              Submitted on Briefs:  January 23, 2003

                                     Decided:  March 11, 2003

Filed:

          _____
                              Clerk

Chief Justice Karla M. Gray, delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     The Eleventh Judicial District Court, Flathead County, granted Terri Lee Ramstad's petition for a decree of legal separation from Barry Lynn Ramstad in January of 2001 and, in January of 2002, dissolved their marriage.  In April of 2002, the court held a hearing on Barry's motions to modify the parenting plan, terminate his maintenance obligation to Terri and modify child support, and Terri's motion to hold Barry in contempt for failing to pay maintenance.  Barry appeals from the order entered by the District Court following that hearing.  We affirm.

¶3     After the post-dissolution hearing, the District Court declined to modify Barry's original maintenance obligation of $350 per month for three years and found him in contempt for failing to pay the maintenance as ordered.  The court also ordered Barry to pay Terri's attorney fees.  On appeal, Barry contends the District Court abused its discretion in failing to terminate his maintenance obligation to Terri and that substantial evidence does not support the court's contempt finding.  He also argues the court abused its discretion in awarding Terri attorney fees.

¶4 Barry first asserts that, in obtaining the original maintenance order on his default after he failed to answer the petition, Terri under-reported her income and inflated his. He did not, however, appeal the original order. On appeal in this case, Barry claims Terri continues to under-report the income she receives from tips. However, the District Court's findings on the amount of Terri's tip income are supported by her testimony and copies of income tax documents she filed with the court. We will not substitute our judgment for that of the finder of fact as to the weight of evidence and credibility of witnesses. *In re Marriage of Drake*, 2002 MT 127, ¶ 20, 310 Mont. 114, ¶ 20, 49 P.3d 38, ¶ 20 (citations omitted).

¶5 Barry next contends that, in refusing to modify maintenance after the post-dissolution hearing, the District Court failed to consider whether he could both support himself and make the maintenance payments, ignoring his testimony about his "financial distress." He states the difference between his and Terri's incomes, as represented by Terri in the dissolution hearing and established by the evidence at the post-dissolution hearing, constitutes "changed circumstances so substantial and continuing" as to make the maintenance terms unconscionable. *See* § 40-4-208(2)(b), MCA.

¶6 Employment changes which increase the income of a maintenance recipient do not automatically entitle a maintenance payer to modification of the maintenance award where there is no showing of unconscionability and the recipient is still not able to meet his or her needs. *Brandon v. Brandon* (1995), 271 Mont. 149, 155, 894 P.2d 951, 955. In this case, the Child Support Worksheet from March of 2002, submitted for the post-dissolution hearing, set forth Barry's earned income as $41,728 and Terri's as $14,685; the figures upon

which the court had relied earlier in granting the dissolution were $47,000 and $10,712, respectively. Neither party had changed employment and their incomes remained, in the words of the District Court, "disparate." In addition, Terri submitted an exhibit showing that her monthly expenses exceeded her monthly income--excluding child support and maintenance--by $1,070. We hold that the District Court did not abuse its discretion in concluding there had not been a sufficiently substantial change in circumstances since the original decree to warrant modification of the maintenance provision.

¶7      With regard to the District Court's contempt finding, Barry points out that where the facts do not support willful disobedience of an earlier order, a court is not bound to find contempt of court. *See Grenfell v. Grenfell* (1982), 200 Mont. 490, 493, 652 P.2d 1170, 1171 (citations omitted). He asserts he could "barely afford to live" on the income he had left after paying child support, and his failure to pay maintenance was not willful. We observe in this regard that *Grenfell* does not preclude a court from finding contempt absent willful disobedience; it merely states a court is not required to find contempt unless willful disobedience is established.

¶8      We review a judgment of contempt to determine whether there is substantial evidence to support it. *Morton v. Lainer*, 2002 MT 214, ¶ 27, 311 Mont. 301, ¶ 27, 55 P.3d 380, ¶ 27. Terri points to the evidence at the post-dissolution hearing that Barry had income of over $41,000 per year, whereas she and the two minor children--who only visited Barry one or two days per month--were existing on her annual income of $14,685 plus the child support. Even accepting Barry's evidence that he had income in excess of expenses each month of

4

$150, the District Court noted Barry did not make a single $350 per month maintenance payment or partial payment from the date of the decree of dissolution through the entry of judgment on the post-dissolution hearing, some 18 months later. We conclude substantial evidence supports the District Court's finding that Barry was in contempt.

¶9 Finally, on the attorney fee issue, Barry points out the District Court did not make any specific findings relative to the ability to pay. He relies on *In re Marriage of Gingerich* (1994), 269 Mont. 161, 168, 887 P.2d 714, 718, for the proposition that, without supporting findings of fact, an award of attorney fees is an abuse of discretion. Barry mischaracterizes *Marriage of Gingerich*. Moreover, Terri properly relies on a more recent case, *Schmeiding v. Schmeiding*, 2000 MT 237, ¶ 34, 301 Mont. 336, ¶ 34, 9 P.3d 52, ¶ 34, in which we determined that even if a district court does not delineate its factual reasons for awarding a party attorney fees, the findings as a whole can adequately support an award of attorney fees.

¶10 Here, on the record and findings as a whole, and considering Terri's limited income and the disparity in the parties' incomes, we conclude the District Court did not abuse its discretion in awarding Terri her reasonable attorney fees for the post-dissolution hearing.

¶11 Affirmed.

/S/ KARLA M. GRAY

We concur:


/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JIM REGNIER